Daniel F. Fears, State Bar No. 110573
dff@paynefears.com
Andrew K. Haeffele, State Bar No. 258992
akh@paynefears.com
Leilani L. Jones, State Bar No. 298896
llj@paynefears.com
PAYNE & FEARS LLP
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile:  (949) 851-1212

Attorneys for Defendants GARFIELD BEACH CVS, LLC and CVS HEALTH SOLUTIONS, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA NEHME, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>GARFIELD BEACH CVS, L.L.C. a California corporation; CVS HEALTH SOLUTIONS, INC., a Delaware corporation; MATTHEW ENTREKIN, an individual; and DOES 1 through 10,<br><br>        Defendants. | Case No. 2:21-cv-02652<br><br>[Los Angeles County Superior Court Case No. 20STCV36273]<br><br>**PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441**<br><br>Trial Date:    None Set |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO LINDA NEHME AND TO HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Garfield Beach CVS, LLC and CVS Health Solutions, LLC (erroneously sued as "CVS Health Solutions, Inc.") (collectively, "Defendants" or "CVS") hereby remove this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, on the following grounds:

-1-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

## I. INTRODUCTION

1. This Court has jurisdiction over this action because complete diversity exists between Plaintiff Linda Nehme ("Plaintiff") and Defendants.

2. Plaintiff is a citizen of the State of California, and was a citizen at the time of the filing of her Complaint.

3. Matthew Entrekin is now, and was at the time this action commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C. section 1332.

4. Garfield Beach CVS, LLC is now, and was at the time this action was commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C. section 1332. At all material times, Garfield Beach CVS, LLC was a limited liability company whose sole-member, CVS Pharmacy, Inc., has at all material times been a Rhode Island Corporation that has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island.

5. CVS Health Solutions, LLC (erroneously sued as "CVS Health Solutions, Inc.") is now, and was at the time this action was commenced, a citizen of the State of Rhode Island within the meaning of 28 U.S.C. section 1332. At all material times, CVS Health Solutions, LLC was a limited liability company whose sole-member, CVS Pharmacy, Inc., has at all material times been a Rhode Island Corporation that has maintained its principal place of business, including its corporate headquarters, in the State of Rhode Island.

6. Plaintiff's Complaint, on its face, contemplates a matter in controversy that exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. section 1446(b), this case is being removed within thirty (30) days of CVS's receipt of a document (the "Complaint") where diversity of citizenship is apparent.

## II. THE STATE COURT ACTION

8. On or about January 21, 2021, Plaintiff filed an action against CVS titled "*Linda Nehme, an individual, Plaintiff, v. Garfield Beach CVS, L.L.C., a*

PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

*California corporation; CVS Health Solutions, Inc., a Delaware corporation; and DOES 1 through 10, Defendants"* in the Superior Court of the State of California, County of Los Angeles, Case No. 20STCV36273 (the "State Court Action").

9. True and correct copies of the Summons and Complaint served on CVS are attached hereto as **Exhibit A.**

10. In her Complaint, Plaintiff alleges the following causes of action: (1) Hostile Work Environment Harassment (Gender/Sex) (Conducted by an Individual); (2) Hostile Work Environment Harassment (Gender/Sex) (Conducted by an Employer): (3) Retaliation (FEHA); (4) Failure to Prevent Harassment, Discrimination, or Retaliation; (5) Sex Discrimination; (6) Disability (Pregnancy) Discrimination; (7) Harassment on the Basis of Disability in Violation of the FEHA; (8) Failure to Engage in the Interactive Process in Violation of the FEHA; (9) Failure to Provide Reasonable Accommodations in Violation of the FEHA; and (10) Wrongful Termination

11. On March 26, 2021, CVS timely filed an Answer to the Complaint. A true and correct copy of CVS's Answer is attached hereto as **Exhibit B.**

12. The Summons, Complaint, and Answer constitute the pleadings, process, and orders served upon or by CVS in the State Court Action.

III. **COMPLETE DIVERSITY EXISTS BETWEEN PLAINTIFF AND CVS**

13. The Complaint, and each cause of action alleged therein, may be properly removed on the basis of diversity jurisdiction, in that this is a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

A. **Plaintiff is a Citizen of the State of California**

14. Plaintiff is now, and was at the time this action was commenced, a citizen of the State of California, residing in Los Angeles County, within the meaning of U.S.C. § 1332(a) -- her place of residence and domicile are, and were, located within the State of California. *See* **Ex. A at ¶ 1**; *see also Kanter v. Warner-*

*Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person's domicile is his permanent home, where he resides with the intention to remain or to which he intends to return."); *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (explaining that residency creates a rebuttable presumption of domicile for purposes of establishing diversity of citizenship).

15. Upon information and belief, including the fact that Plaintiff resides in the State of California and was employed by CVS in the State of California from 2008 to 2019, Plaintiff is, and was at all relevant times, a citizen of the State of California. "[A]t the pleading stage, allegations of jurisdictional fact need not be proven unless challenged." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016); *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227–28 (9th Cir. 2019).

### B. Matthew Entrekin is a Citizen of the State of Rhode Island

16. An individual is a citizen of the state in which he or she is domiciled. A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter*, 265 F.3d at 857; *Lew*, 797 F.2d at 751.

17. Matthew Entrekin currently lives in Rhode Island. ***See* Declaration of Leilani E. Jones at ¶ 3, Ex. 2.** Prior to the commencement of this action, Entrekin moved to Rhode Island with the intent to remain there indefinitely. *Id*. Accordingly, because he is domiciled there, Entrekin is a citizen of Rhode Island.

### C. Garfield Beach CVS, LLC is a Citizen of the State of Rhode Island

18. If a party is a limited liability company, it is a citizen of every state of which its owners/members are citizens. *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018); citing *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

19. Garfield Beach is now, and was at all material times, a single-member

-4-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

limited liability company.  The sole member of Garfield Beach is CVS Pharmacy, Inc.

20. If a party is a corporation, it is a citizen of both its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp.*, 130 S. Ct. at 1192.

21. CVS Pharmacy, Inc. is now, and was at all material times, headquartered in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s officers and directors are employees whose offices are located at its headquarters in Woonsocket, Rhode Island. CVS Pharmacy, Inc.'s high-level officers direct, control, and coordinate the corporation's operations from its headquarters in Woonsocket, Rhode Island. As a result, nearly all of CVS Pharmacy, Inc.'s corporate decisions are made in Rhode Island, including operational, executive, administrative, and policymaking decisions. For this additional reason, CVS Pharmacy, Inc. is a citizen of Rhode Island. *See Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is a citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed).

22. Therefore, for the purpose of determining jurisdiction, Garfield Beach was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State of Rhode Island based on the citizenship of its sole member, CVS Pharmacy, Inc.

**D.  CVS Health Solutions, LLC is a Citizen of the State of Rhode Island**

23. If a party is a limited liability company, it is a citizen of every state of which its owners/members are citizens. *3123 SMB LLC*, 880 F.3d at 465.

24. CVS Health Solutions, LLC is now, and was at all material times, a single-member limited liability company organized under the laws of the state of Delaware. The sole member of CVS Health Solutions is CVS Pharmacy, Inc.

25. CVS Pharmacy, Inc. is now, and was at all material times, a Rhode

Island corporation with its principle place of business in Woonsocket, Rhode Island. *See* **Section III.C.,** *supra.*

26. Therefore, for the purpose of determining jurisdiction, CVS Health Solutions was not (and is not) a citizen of the State of California, but rather, it was (and is) a citizen of the State of Rhode Island based on the citizenship of its sole member, CVS Pharmacy, Inc.

27. "Doe" Defendants fictitiously named, but not served, are not joined in this Petition and Notice of Removal, and shall be disregarded for the purpose of determining removal jurisdiction. 28 U.S.C. § 1441(b)(1). In determining whether diversity of citizenship exists, only the named defendants are considered. *Newcombe v. Adolf Coors Co.* 157 F. 3d 686, 690-691 (9th Cir. 1998).

28. Accordingly, complete diversity exists between Plaintiff (California) and all defendants (Rhode Island).

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS THE $75,000 JURISDICTIONAL MINIMUM

29. The jurisdictional minimum amount that must be in controversy, over $75,000, was satisfied at the time of the filing of this action and is still satisfied by the facts set forth herein and described more specifically below. 28 U.S.C. § 1332(a) ("[D]istrict courts … have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs and is between … citizens of different States."); *see also Matheson v. Progressive Specialty Ins., Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) ("[J]urisdiction founded on [diversity] requires that the parties be in complete diversity and the amount in controversy exceed $75,000").

30. CVS discusses the allegations below solely to demonstrate that the amount in controversy in this matter exceeds $75,000. CVS denies that Plaintiff is entitled to any damages and that Plaintiff will be able to recover on any of her theories of recovery.

31. In assessing the amount in controversy, this Court may, for removal purposes, look to the removal papers and the pleadings, as well as summary judgement type evidence. *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Singer v. State Farm Mutual Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

### A. The Amount in Controversy is Measured by the Damages and Attorneys' Fees "At Stake" in the Litigation, to which the Plaintiff Would be Entitled if She Prevails

32. In measuring the amount in controversy for purposes of diversity jurisdiction, "a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted, emphasis added). In addition, the Court should aggregate damages in determining whether the controversy exceeds $75,000. *See Bank of Cal. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972) ("aggregation is permitted when a single plaintiff seeks to aggregate two or more of his own claims against a single defendant") (internal quotations omitted).

33. Additionally, as the Ninth Circuit has recently clarified, "the amount in controversy is not limited to damages incurred prior to removal - for example, it is not limited to wages a plaintiff-employee would have earned before removal (as opposed to after removal)[; but] rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez*, 888 F.3d at 414.

### B. Economic Damages in the Form of Lost Wages

34. Plaintiff seeks damages associated with alleged lost earnings. *See* **Ex. A at ¶¶ 103, 124, 132, and 144**. At the time of her separation (September 12, 2019)

-7-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

Plaintiff was employed as a Beauty Consultant and her hourly rate was $19.30 (making, on average, approximately $1,544 bi-weekly, or $772/week.) See **Declaration of Hillary Williams at ¶ 3, Exs. 1 & 2.**

35. By the time this case is statistically likely to be resolved at trial (November 2022 or 20 months from the date of removal),[1] Plaintiff will have incurred significant damages—well over the $75,000 jurisdictional threshold—in alleged lost wages alone.[2]

### C. Attorneys' Fees

36. Where an underlying statute authorizes an award of attorneys' fees, such potential fees may be included in calculating the amount in controversy. See *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Here, Plaintiff seeks such fees. See **Ex. A, Prayer for Relief ¶ 7**.

37. As the Ninth Circuit explained in *Chavez*, when determining the amount in controversy, attorneys' fees are calculated based on the *total* possible recovery, and not just fees incurred as of the time of removal. *Chavez*, *supra*, 888 F.3d at 417 ("That the amount in controversy is assessed at the time of removal does not mean that the mere futurity of certain classes of damages precludes them from being part of the amount in controversy."); *Lucas v. Michael Kors (USA), Inc.*, No. 2018 WL 2146403, at *11 (C.D. Cal. 2018) ("The broad holding [in *Chavez*] strongly suggests that the Ninth Circuit would find it appropriate to consider post-removal attorneys' fees. Therefore, the Court agrees that unaccrued post-removal

---

[1] Statistics maintained by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 604(a)(2) indicate that in the Central District of California, the median time from filing a civil action in federal court to final disposition of the action through trial is 20 months. See **Declaration of Leilani E. Jones, Ex. 1.** CVS requests that the Court take judicial notice of these facts pursuant to Federal Rule of Evidence 201.

[2] $772 per week multiplied by the 167 weeks between Plaintiff's separation of employment (September 12, 2019) and trial (November 2022).

attorneys' fees can be factored into the amount in controversy."); *Bernstein v. BMW of N. Am., LLC*, 2018 WL 2210683, at *2 (N.D. Cal. 2018) ("The Ninth Circuit's recent decision in *Chavez* . . . holding that the amount in controversy is what is at stake in the litigation at the time of removal suggests that the attorneys' fees in the context of the amount in controversy requirement should be calculated based on the total possible recovery and not just the fees incurred to date—resolving a previously unresolved question.").

38.  Assuming that a conservative amount of pre-trial fact discovery (50 hours), pre-trial expert discovery (20 hours), trial preparation (40 hours), and trial attendance (45 hours) occurs in this case, it is very well likely that an attorneys' fee award alone would exceed $75,000. It is, at the very least, *plausible* that an attorneys' fee award in this matter will exceed $75,000.

### D.   Emotional Distress Damages

39.  Plaintiff also claims damages for emotional distress. ***See* Ex. A at ¶¶ 102, 123, 133, 143 and Prayer for Relief.**

40.  A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000:

- ***Juarez v. Autozone Stores, Inc.***, 2014 WL 7017660 (S.D. Cal.): pain and suffering award of $250,000 in discrimination case;

- ***Palma v. Rite Aid Corp.***, 2012 WL 3541952 (L.A. County Sup. Ct.): award of $3,000,000 in pain and suffering to employee who was terminated after taking medical leaves in disability discrimination case; and

- ***Betson v. Rite Aid Corp.***, 2011 WL 3606913 (L.A. County Sup. Ct.): pain and suffering award of $500,000 to employee in disability harassment action.

41.  Plaintiff's allegations that she was discriminated against and wrongfully terminated because of her disability are similar to the issues in these cases. Its entirely conceivable that her emotional distress daamges will far exceed the requisite $75,000 amount in controvrsey.

### E. Punitive Damages

42. Additionally, Plaintiff seeks to recover punitive damages against CVS, a company of considerable size and resources. ***See* Ex. A, Prayer for Relief at ¶ 5.** Although CVS denies Plaintiff's allegations, requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008 (E.D. Cal. 2011) (same).

43. Here, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that she will seek, and a jury could award, in excess of $75,000 solely for punitive damages. *See, e.g.*:

- *Hill v. Asian American Drug Abuse Program, Inc.* (Los Angeles County Superior Court Case No. BC582516; judgment date of January 16, 2018): awarding **$2,668,700** in punitive damages in disability discrimination lawsuit;

- *Navarro v. 4Earth Farms, Inc. et al*. (Los Angeles County Superior Court Case No. BC606666; judgment date of June 19, 2017): awarding **$100,000** in punitive damages in disability discrimination lawsuit; and

- *Tapia v. San Gabriel Transit Inc.* (Los Angeles County Superior Court Case No. BC482433; judgment date of December 18, 2015): awarding **$400,000** in punitive damages in disability discrimination lawsuit.

44. Accordingly, the Complaint contemplates an amount "at stake" in this litigation which far exceeds the $75,000 jurisdictional threshold.

## V. REMOVAL IS TIMELY

45. This Petition and Notice of Removal is timely pursuant to 28 U.S.C. section 1446(b) because this action is being removed within thirty (30) days of the date when CVS received the Summons and Complaint. 28 U.S.C. § 1446(b)(1); ***see* Ex. A**.

## VI. CONCLUSION

46. For the reasons stated above, this Court has jurisdiction under 28

U.S.C. section 1332 because this is a civil action between citizens of different states, and the matter in controversy exceeds $75,000, exclusive of interest and costs.

47. Accordingly, CVS may remove this action to this Court pursuant to 28 U.S.C. sections 1332 and 1441. CVS respectfully requests that this Court exercise its removal jurisdiction over this action.

DATED: March 26, 2021          PAYNE & FEARS LLP

By:      /s/   *Leilani E. Jones*
              LEILANI E. JONES

Attorneys for Defendants GARFIELD BEACH CVS, LLC. and CVS HEALTH SOLUTIONS, LLC

PAYNE & FEARS LLP
ATTORNEYS AT LAW
4 PARK PLAZA, SUITE 1100
IRVINE, CALIFORNIA 92614
(949) 851-1100

-11-
PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441

# PROOF OF SERVICE

*Linda Nehme v. Garfield Beach CVS, et al.*
<u>United States District Court Case No.</u> 2:21-cv-02652

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Orange, State of California. My business address is Jamboree Center, 4 Park Plaza, Suite 1100, Irvine, CA 92614.

On March 26, 2021, I served true copies of the following document(s) described as **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1332 AND 1441** on the interested parties in this action as follows:

| | |
|---|---|
| Ann A. Hull, Esq.<br>Jeffrey M. Schwartz, Esq.<br>Rachel E. Savoian Hunt, Esq.<br>LAW OFFICES OF ANN A. HULL, INC.<br>21900 Burbank Blvd., Third Floor<br>Woodland Hills, CA 91367<br>Telephone: (818) 992-2924<br>Facsimile: (818) 322-1321<br>E-Mail:  a.hull@annhull.com<br>          r.hunt@annhull.com | Attorney for Plaintiff<br>LINDA NEHME |

**BY E-MAIL OR ELECTRONIC TRANSMISSION:** I caused a copy of the document(s) to be sent from e-mail address tshaw@paynefears.com to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[Federal]** I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 26, 2021, at Irvine, California.

                                                       /s/ *Terri M. Shaw*
                                                       Terri M. Shaw