# EXHIBIT A

 **CT Corporation**

# Service of Process Transmittal
02/24/2021
CT Log Number 539103534

**TO:**   Serviceof Process
CVS Health Companies
1 CVS DR MAIL CODE 1160
WOONSOCKET, RI 02895-6146

**RE:**   **Process Served in California**

**FOR:**   CVS Health Solutions LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | LINDA NEHME, etc., Pltf. vs. GARFIELD BEACH CVS, LLC, etc., et al., Dfts. // To: CVS Health Solutions, Inc., etc. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20STCV36273 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/24/2021 at 02:33 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **REMARKS:** | 1.Due to the illegible condition of the enclosed documents, CT's transmittal may be incomplete. 2.According to the California Secretary of State, the only entity registered beginning with the name CVS Health Solutions LLC is CVS Health Solutions, Inc. |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/24/2021, Expected Purge Date: 03/01/2021<br><br>Image SOP<br><br>Email Notification,  Serviceof Process  service_of_process@cvs.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br><br>800-448-5350<br>MajorAccountTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A, PAGE 12



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Wed, Feb 24, 2021

**Server Name:**             Brett Peters

| Entity Served | CVS HEALTH SOLUTIONS LLC |
|---|---|
| Agent Name | C T CORPORATION SYSTEM (C0168406) |
| Case Number | 20STCV36273 |
| Jurisdiction | CA |



Electronically FILED by Superior Court of California, County of Los Angeles on 02/11/2020 05:53 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GARFIELD BEACH CVS, LLC, a California Corporation; CVS HEALTH SOLUTIONS, INC.; A Delaware Corporation; MATTHEW ENTERIK, an individual; and DOES 1 through 10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

LINDA NEHME, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Los Angeles Superior Court 111 N. Hill Street, Los Angeles, CA. 90012 | CASE NUMBER: *(Número del Caso):* **20STCV36273** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ann A. Hull, Esq. 21900 Burbank Blvd., 3rd Floor, Woodland Hills, CA 91367, (818) 992-2924

DATE: *(Fecha)* 02/11/2021   Sherri R. Carter Executive Officer / Clerk of Court   Clerk, by *(Secretario)* V. Delgadillo , Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* **CVS Health Solutions, Inc., a Delaware Corporation**

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date)* 2-24-21

[SEAL]

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

1  Ann A. Hull, Esq. SBN: 252855
2  Jeffrey M. Schwartz, Esq. SBN: 254916
   Rachel E. Savoian Hunt, Esq. SBN: 281115
   LAW OFFICES OF ANN A. HULL, INC.
3  21900 Burbank Blvd., Third Floor
   Woodland Hills, CA 91367
4  Telephone: (818) 992-2924
   Facsimile: (818) 322-1321
5  a.hull@annhull.com
   r.hunt@annhull.com
6
7  Attorney for Plaintiff, LINDA NEHME

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF LOS ANGELES

10
11  LINDA NEHME, an individual,          )  Case No.: 20STCV36273
                                         )  Dept.:
            Plaintiff,                    )  Date Filed: Sept. 9, 2020
12                                        )  Assigned to:
         v.                               )
13                                        )
    GARFIELD BEACH CVS, LLC, a California )  **JURY TRIAL DEMANDED**
14  corporation; CVS HEALTH SOLUTIONS,    )
    INC.; A Delaware corporation; MATTHEW )  **FIRST AMENDED COMPLAINT FOR:**
15  ENTREKIN, an individual; and DOES 1   )
    through 10,                           )  **(1) Hostile Work Environment Harassment**
16                                        )  **(Gender/Sex) (Conduct by an Individual);**
            Defendants                    )  **(2) Hostile Work Environment Harassment**
17                                        )  **(Gender/Sex) (Conduct by an Employer);**
                                          )  **(3) Retaliation (FEHA);**
18                                        )  **(4) Failure to Prevent Harassment,**
                                          )  **Discrimination, or Retaliation;**
19                                        )  **(5) Sex Discrimination; and,**
                                          )  **(6) Disability (Pregnancy) Discrimination;**
20                                        )  **(7) Harassment on the Basis of Disability**
                                          )  **in Violation of the FEHA;**
21                                        )  **(8) Failure to Engage in the Interactive**
                                          )  **Process in Violation of the FEHA;**
22                                        )  **9) Failure to Provide Reasonable**
                                          )  **Accommodations in Violation of the**
23                                        )  **FEHA; and,**
                                          )  **(10) Wrongful Termination.**
24                                        )
25  ────────────────────────────────────)

26

27

28

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., Third Floor
Woodland Hills, CA 91367
(818) 606-6618

-1-

FIRST AMENDED COMPLAINT

Electronically Received 01/21/2021 11:41 AM

**FILED**
Superior Court of California
County of Los Angeles

01/21/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ J. Arceo _____ Deputy

## THE PARTIES

1. Defendant, GARFIELD BEACH CVS, LLC is a California corporation and Defendant, CVS HEALTH SOLUTIONS, INC. is a Delaware corporation.   Plaintiff is informed and believes, and thereon alleges, that CVS HEALTH SOLUTIONS, INC. is in a position of authority over GARFIELD BEACH CVS, LLC., such that it can and does make directives dictating the latter's decision-making processes, "best practices" and policies, including those related to hiring and firing of employees.  Both companies are referred to herein collectively as ("CVS") .  Their agent for service of process is:  CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA.  90017.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant, GARFIELD BEACH CVS, LLC is a California corporation.

3. Defendant, MATTHEW ENTREKIN ("Entrekin"), at all times relevant was a managing agent of CVS and a supervisor of Plaintiff at the particular CVS store location(s) relevant to this action.

4. Plaintiff, LINDA NEHME ("Plaintiff" or "Nehme") is a former employee of CVS.

## PRELIMINARY ALLEGATIONS

5. At all times relevant, Entrekin, Christine Arenault, and Shahwali were managing agents of CVS, with the authority to make and implement rules, policies, and procedures at Plaintiff's workplace.

6. Plaintiff filed a timely complaint (based upon the same facts as herein alleged) with California's Department of Fair Employment and Housing ("DFEH") pursuant to Section 12900, *et seq.*, of the Government Code, thereby exhausting her administrative remedies before bringing this action.

7. Plaintiff is informed and believes and thereon alleges that CVS employs more than five (5) people in the State of California and therefore is accordingly subject to the provisions of California's Fair Employment and Housing Act ("FEHA").

8. At all times relevant to Plaintiff's complaint, there existed an employer-employee relationship between Plaintiff and CVS.  As a result of harm suffered by Plaintiff as described herein this complaint, she has suffered damages in excess of the minimum jurisdiction of this court.

9. The true names and capacities of Defendants referred to herein as Does are unknown to Plaintiff at this time, and Plaintiff is informed and believes that they are in some way

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA  91367
(818) 606-6618

- 2 -

FIRST AMENDED COMPLAINT

EXHIBIT A, PAGE 16

1  responsible for the damages incurred.  Plaintiff will amend this Complaint to allege the true

2  names and capacities when ascertained.

3  10.   Plaintiff is informed and believes, and thereon alleges, that at all material times each

4  Defendant and each Doe Defendant's actions and conduct were known to, authorized, and

   ratified by all other defendants, and Does 1 through 10, and their agents, inclusive.

5  11. Plaintiff is informed and thereon alleges that the Defendant(s) in this action knowingly and

6  willfully conspired and agreed among themselves to do the acts herein alleged.  Defendants

7  did those acts in furtherance of their conspiracy.  Defendant(s) furthered their conspiracy by

8  cooperation, lending aid, encouragement, ratification, and adopting the acts of each other.

9  **FACTS COMMON TO ALL CAUSES OF ACTION**

10  12.     **Plaintiff's Protected Status**.

11        a.   Nehme is female.

12        b.   Nehme at all times relevant was a person with a disability as defined by the

             FEHA.

13  13.     **Plaintiff's Protected Activities.**

14        a.   Plaintiff rejected sexual advances by Entrekin and Shahwali, two managers.

15        b.   Plaintiff complained to her supervisor that she was being subjected to sexual

             harassment.

16
17        c.   Plaintiff reported that she was pregnant.

             Plaintiff requested FMLA leave.

18  14.     **Adverse Employment Actions.**

19        a.   Defendant CVS fired Plaintiff.

20        b.   Defendant CVS refused to engage in the interactive process.

21        c.   Defendant CVS refused to provide reasonable accommodations.

22  **FACTUAL BACKGROUND**

23  15. Plaintiff began working for CVS in or around 2008 in the Tarzana CVS store location.

24  16. On around 2015, while working at Store 9670 in Tarzana, California, Plaintiff was injured

       when steel shelving (not properly bolted or stabilized), stacked with heavy wood and other

25     products, fell on her, causing injury to her head, back, and neck.

26  17. As a result of her injury, Plaintiff filed a worker's compensation claim.

27  18. Plaintiff is informed and believes, and thereon alleges, that at the time of her work – injury,

28     the store manager was Grace Gilroy ("Gilroy").  Plaintiff is informed and believes, and

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA  91367
(818) 606-6618

- 3 -

FIRST AMENDED COMPLAINT

thereon alleges, that as a result of the negligent manner in which the shelving was constructed and the products were stored, Gilroy was reprimanded.  When Plaintiff returned to work, following her recovery, she noticed that Gilroy treated her less favorably than before:  This caused Plaintiff to feel discomfort and unwelcome.

19. One day, after doing inventory, Plaintiff observed that Gilroy, Matt Entrekin ("Entrekin") Shahwali [complete name unknown], and  District Manager Shad [complete name unknown] were present at the store.

20. Shahwali approached Plaintiff and asked if Plaintiff was interested in transferring to the Sherman Oaks CVS store, which he managed.

21. Shahwali told Nehme, "I can train you and eventually make you a store manager."

22. Plaintiff replied that she would need to think about it.

23. One day when she saw District Manager Shad, walking out of the store, Plaintiff approached him and asked if she could speak with him about a raise.

24. Thereafter, as part of the conditions for a raise to $19.00, Plaintiff agreed to transfer to a store that was managed by Shahwali.  Plaintiff is informed and believes that Shahwali managed two CVS stores at that time.

25. After Plaintiff had agreed to the  transfer, Shahwali assigned Plaintiff to work with him at the North Hollywood CVS store.

26. Plaintiff felt uncomfortable after Shahwali began ordering her to come into work late at night, when the store was closed to the public and when she and he were the only people in the store.

27. On repeated occasions, while they were alone in the store, Schwali would put his hands on Plaintiff's shoulders and ask for hugs in a manner that made Plaintiff uncomfortable.   This continued after Plaintiff communicated to Shahwali that she did not want him to touch her and after she told him: "*I need you to stop.  I am not okay with you doing this*."

28. Plaintiff observed Shahwali repeatedly leering at her breasts.

29. While Plaintiff was putting shelving away Shahwali grabbed Plaintiff's breast.

30. Plaintiff pushed Shahwali away and told him, "Hey what are you doing!  I am not okay with this!  I am engaged and you are married!"

31. As the uncomfortable conduct continued, Plaintiff complained to Seidi Santillana ("Santillana"), a Supervisor.

- 4 -

FIRST AMENDED COMPLAINT

32. Plaintiff explained that Shahwali had inappropriately touched and harassed her and that he would not stop, even though she asked him not to touch her.

33. Santillana replied, "Oh my God, he does the same thing to me!"

34. Santillana initially communicated that she was afraid that she would lose her job if she complained.

35. After Shahwali's unwelcome sexual conduct continued, however both Plaintiff and Santillana decided to both speak to Shahwali, in private, to communicate about how his conduct was making them feel uncomfortable and to ask him to please stop.

36. When Plaintiff and Seidi approach Shahwali and told him how uncomfortable his conduct was making them feel, and asked him to stop, Shahwali responded by saying, "*I don't know what you guys are talking about.*"

37. Plaintiff is informed and believes, and thereon alleges that one or more employees complained about Shahwali's inappropriate sexually oriented conduct, which might have spurred one or more lawsuits arising from his conduct.

38. While working in the Sherman Oaks CVS Store, under Shahwali, Entrekin communicated that there was a Beauty Consultant position available at the store he managed in Encino. Plaintiff saw this as an opportunity to escape an uncomfortable work situation and to earn more money because the Encino location was more desirable.

39. After moving to the Encino store, however, the conduct she had tried to escape by changing store-locations, continued:   On more than one occasion, when no one else was nearby, Entrekin called Plaintiff into his office and asked her uncomfortable, private questions.

40. Entrekin constantly used profanity and vulgar language.  This included regularly calling people "a**hole," and using several variations of the work "F**k."  While Plaintiff is not normally uncomfortable hearing profanity, her previous encounters with Entrekin made her more sensitive, uncomfortable and embarrassed when she would hear him use it.

41. Plaintiff was uncomfortable when Entrekin publicly commented on the physical appearance of female customers and when he commented about whether or not he would have sex with them.

42. After attending an AIDS charity event in Hollywood, another employee and Plaintiff went to eat sushi.  On this same evening, Entrekin asked Plaintiff to go on a date.

43. After declining to date Entrekin, Entrekin frequently glared at Plaintiff and humiliated her by speaking disrespectfully about her, both in and out of her presence.

FIRST AMENDED COMPLAINT

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA  91367
(818) 606-6618

44. Entrekin demanded information about her dating activities.

45. Entrekin communicated that, if it weren't for Plaintiff's "sexy" appearance, she would be unable to sell anything nor would she have a job.

46. On Friday, December 30, 2016, after Plaintiff had repeatedly turned down Entrekin's advances, Entrekin encouraged co-workers to write statements that Entrekin had made monkey sounds to harass an African-American co-worker.[1]

47. Despite her intent to rebuff and distance herself from Entrekin, Entrekin would glare and stare at Plaintiff and communicate that if she complained, he would not hesitate to fire her.

48. After firmly communicating to Entrekin that Plaintiff was in a committed relationship, that she did not intend to have a relationship with Entrekin, and that she and her fiancé planned to have children, Entrekin humiliated Plaintiff with inappropriate comments to third parties about Plaintiff's pregnancy.

49. When Plaintiff sought FMLA leave, due to the serious medical condition of a family member, Entrekin communicated that doing so would cost Plaintiff her job and began documenting her absences, Entrekin told her that he needed to understand how Plaintiff was "using her absences."

50. Fearful of being fired, Plaintiff sought and obtained intermittent FMLA.

51. After hearing that Gilroy was no longer manager, Plaintiff applied for an open Beauty Consultant position at her former store in Tarzana.

52. Valerie [last name unknown], had been a regular customer of the CVS store where Plaintiff had worked for Entrekin. When Valerie saw Plaintiff working at a different store, she approached Plaintiff, and told her about a conversation that Valerie (the customer) had had with Entrekin, after she had noticed Nehme had not been in the store for a while. Valerie questioned Entreken about Nehme's absence from the store, in response to which he stated that "Nehme "'said' she was out on a leave but really that that Nehme was "really just trying to get pregnant."

---

[1] Plaintiff explained that she had just learned that she was getting four days off for the holidays and made an "ooh-ooh-a-a" sound, not to mock or deride, but as an expression of joy and excitement. Plaintiff, who is of Middle Eastern heritage, and who has African American family members, denies that the sound had anything to do race or that it was intended to be heard by Stacey, who is African-American.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 6 -

FIRST AMENDED COMPLAINT

53. Even after Plaintiff moved to the Tarzana CVS store, Entrekin continued to intimidate, threaten, stalk, frighten, and harass her.  The stalking behavior increased after Plaintiff revealed that she was pregnant.

54. In or about January of 2019, Plaintiff was in the CVS office with Troy, the store manager, when she received a call from Entrekin.   Upon seeing that the incoming phone call was from Entrekin, Plaintiff took the call on speaker-phone.

55. Upon answering the call Entrekin, in a threatening tone of voice said: "Hey!  Did you hear about Shahwali!  He got fired!  Did you have anything to do with it?"

56. Plaintiff responded: "Why are you calling me on my personal number about this?"

57. Entrekin later went out of his way to embarrass Plaintiff by communicating that Plaintiff was a "snitch" who had had caused a manager (Shahwali) to lose his job; and that he, Entrekin, "had plans" regarding Plaintiff; and that she would be next to lose her job.

58. Plaintiff delivered her baby on June 6, 2019.

59. Due to her pregnancy-related medical disability, Plaintiff sought an extended leave and baby-bonding time.

60. Plaintiff received a letter, dated August 15, 2019, stating that the "Reasonable Accommodations Team will be reaching out to you shortly" but that "your employment may be terminated."  Plaintiff responded to the communication and was assured that her leave would be extended.

61. On August 19, 2019, Plaintiff received a letter confirming that "your leave of absence from October 4, 2018, to October 3, 2019 has been approved."

62. In spite of CVS' communications regarding Plaintiff's maternity leave, on September 12, 2019, CVS terminated Plaintiff's employment.  Plaintiff received notification of the termination in late September 2019.

63. On September 23, 2019, Plaintiff, through counsel, requested a copy of her employee file, pursuant to Labor Code §§ 226, 226 (b), 432, and 1198.5.  The letter was sent by fax and FedEx.  FedEx Tracking record show the package was delivered on September 25, 2019, at 9:18 a.m.

64. In a fax dated October 1, 2019, CVS replied to Plaintiff's counsel request, however, the response failed to transmit Plaintiff's employee file documents, and read: "Expected Purge Date:  October 1, 2019".  As of the date of the filing of this lawsuit, Plaintiff has not received her employee files.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 7 -
FIRST AMENDED COMPLAINT

EXHIBIT A, PAGE 21

65. In addition to the foregoing wrongful acts, Plaintiff is informed and believes, and thereon alleges, that the Defendant(s) committed other wrongful acts or omissions of which Plaintiff is presently unaware.  Plaintiff is informed and believes, and thereon alleges that such acts are ongoing and will continue after the commencement of this action.  If, as and when appropriate, Plaintiff will seek leave to amend this Complaint when she discovers such other acts and omissions by Defendants.

66. As a further direct and legal result of Defendant's acts and conduct as aforesaid and herein generally, Plaintiff has been caused to suffer; …did suffer; and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, mental and physical pain, discomfort and, anxiety.  Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and thereon alleges, that some, if not all, of the injuries are such that Plaintiff has been generally damaged in an amount which exceeds the jurisdictional minimum of this Court.

67. To the extent provided by law, he aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that such conduct was undertaken by an officer or managing agent of CVS, or alternatively, it was authorized, ratified or approved by an officer or managing agent of CVS, and Does 1-10.

68. To the extent provided by law, Plaintiff requests an award of her attorneys' fees and costs related to the litigation of this action.

## FIRST CAUSE OF ACTION

**Hostile Work Environment Harassment (Gender/Sex Harassment)**

**(Conduct Directed at Plaintiff by an Individual)**

**(Gov. Code, § 12940(j)) (CACI 2522A)**

(by Plaintiff against MATTHEW ENTREKIN, CVS, and Does 1-10)

69. To the extent they are not inconsistent, Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein. Matthew Entrekin, an agent or authorized manager of CVS subjected Plaintiff to harassment on the basis of her gender/sex (female) and pregnancy.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 8 -
FIRST AMENDED COMPLAINT

EXHIBIT A, PAGE 22

70. The "harassment so altered working conditions as to make it more difficult to do the job."[2]  A reasonable person in the position of the Plaintiff would have considered the work environment to be harassing.[3]

71. Plaintiff considered the work environment to be harassing.

72. CVS was aware of the harassing conduct, because of Plaintiff's complaints and protestations to CVS, but instead of stopping it, ratified and enabled it by failing to take reasonable action.

73. Plaintiff was harmed.

74. The conduct of ENTREKIN, an agent or manager of CVS, was a substantial factor in causing Plaintiff's harm.

**SECOND CAUSE OF ACTION**

**Hostile Work Environment Harassment (Sex/Gender/Pregnancy Harassment)**

**(Conduct Directed at Plaintiff by an Employer)**

**(Gov. Code, § 12940(j)) (CACI 2521A)**

(by Plaintiff against CVS and Does 1-10)

75. To the extent they are not inconsistent, Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.  As hereinabove alleged, Plaintiff was subjected to harassment based on her gender (female) and her pregnancy while working at CVS, constituting a hostile or abusive work environment.

76. CVS and its managing agents, directors, officers, and employees, and Does 1 – 10, including but not limited to Entrekin, Shahwali, and Arsenault, knew or should have known that Plaintiff was being subjected to a hostile or abusive work environment and failed to take immediate and appropriate corrective action.

77. Plaintiff, Plaintiff, was harmed.

---

[2] California's SB 1300 added a section to the *Government Code* approving the standard in Justice Ruth Bader Ginsburg's concurrence  in *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 23, 114 S. Ct. 367, 126 L. Ed. 2d 295 (1993) that in a workplace harassment suit "the plaintiff need not prove that his or her tangible productivity has declined as a result of the harassment.  It suffices to prove that a reasonable person subjected to the discriminatory conduct would find, as the plaintiff did, that the harassment so altered working conditions as to make it more difficult to do the job."

[3] California's SB 1300 adds a section to the Government Code that declares the purpose of harassment laws is to provide all Californians with equal opportunity to succeed in the workplace. To that end, the bill expressly affirms the observation in *Nazir v. United Airline, 178 Cal. App. 4th 243* that "hostile working environment cases involve issues not determinable on paper."  *See:* https://caselaw.findlaw.com/ca-court-of-appeal/1499987.html

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 9 -

FIRST AMENDED COMPLAINT

78. The conduct of CVS, and of its managing agents, directors, officers, and or employees, and Does 1 – 10, was a substantial factor in causing Plaintiff's harm

### THIRD CAUSE OF ACTION

### Retaliation

### (in Violation of California's Gov. Code § 12940(h))

(by Plaintiff against CVS and Does 1 -10)

79. To the extent they are not inconsistent, Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.  As hereinabove alleged, Defendant CVS and Does 1-10, inclusive, and their agents, , subjected Plaintiff to adverse employment actions, including , among other things, public humiliation, denial of reasonable accommodations, and employment-termination.

80. Plaintiff's engagement in protected activities (*i.e.,* her reporting sex harassment, rejecting the sexual advances of her supervisors, among other actions as hereinabove alleged) was a substantial motivating factor for the adverse conduct of CVS, its agents, its employees, and Does 1-10.

81. Plaintiff was harmed.

82. Plaintiff is informed and believes, and thereon alleges that in addition to Defendants' decision to subject Plaintiff to adverse employment action(s) as hereinabove alleged, additional acts or omissions, which were substantial factors in the harm to Plaintiff will be uncovered through discovery and other means during the course of this Action.  Plaintiff will, by leave of Court, if required, amend this Complaint if as and when she discovers such additional acts or omissions by Defendants.

### FOURTH CAUSE OF ACTION

### Failure to Prevent Harassment, Discrimination, or Retaliation

### (Gov. Code, § 12940(j)) (CACI 2522B)

(by Plaintiff against CVS and Does 1-10)

83. To the extent they are not inconsistent, Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.  CVS failed to take all reasonable steps to prevent the harassment, discrimination, and/or retaliation to which Plaintiff was subjected at work as herein stated.

84. Plaintiff was harmed.

Law Offices of Ann A. Hull. Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills. CA  91367
(818) 606-6618

- 10 -

FIRST AMENDED COMPLAINT

85. The failure of CVS to take all reasonable steps to prevent the harassment, discrimination, and/or retaliation to which Plaintiff was subjected was a substantial factor in causing Plaintiff's harm.

## FIFTH CAUSE OF ACTION

**Disparate Treatment (Sex Discrimination)**

**(Gov. Code § 12940(a) et. seq.) (CACI 2500)**

(by Plaintiff against CVS and Does 1-10)

86. To the extent they are not inconsistent, Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein. Defendant CVS was an employer.

87. Plaintiff was an employee of CVS.

88. While Plaintiff was employed by CVS, Plaintiff's supervisor, Entrekin, communicated that benefits of Nehme's employment would be withdrawn because Plaintiff did not engage in sexual and/or dating activities with him.

89. After Plaintiff declined to engage in sexual activities with him, Entrekin, among other things, Entrekin wrongfully accused her of making a racist remark; subjected Plaintiff to undue scrutiny; made false allegations about the reasons for Plaintiff's intermittent leave; glared; stalked; and threatened Plaintiff, both during the time when he was her direct supervisor, and thereafter.

90. Despite repeated communications by Plaintiff to one or more CVS supervisors, and others in positions of authority (1) that she was being subjected to sex harassment and retaliation by the store manager; (2) that CVS had taken no mitigating action in the face of this on-going sex harassment: (3) which created a hostile work environment; and (4) an environment in which those employees, like Plaintiff, who complained were subjected to further adverse employment action, the CVS representatives to whom Nehme complained , were hesitant, and/or failed altogether, to take appropriate remedial action.

91. Plaintiff's sex (female) was a motivating reason for the adverse employment actions described in this complaint.

92. Plaintiff's supervisor, who directly engaged in the harassment, discrimination, and retaliation, was allowed to continue his employment, whereas Plaintiff 's employment was terminated.

93. Plaintiff was harmed.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd , 3rd Floor
Woodland Hills, CA  91367
(818) 606-6618

- 11 -

FIRST AMENDED COMPLAINT

94. The adverse employment action[s] described in this Complaint, was/were a substantial factor[s] in causing Plaintiff's harm.

95. The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages. Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer or managing agent of CVS, or alternatively, was authorized, ratified or approved by an officer or managing agent of CVS.

## SIXTH CAUSE OF ACTION

### Disability Discrimination

### Gov't Code §12940 (a)(m) and (n)) Disability Discrimination)

(by Plaintiff against CVS and Does 1-10)

96. To the extent they are not inconsistent, Plaintiff incorporates by reference the allegations set forth in the foregoing paragraphs of this Complaint as if fully set forth herein. The Fair Employment and Housing Act ("FEHA") codified in Gov't Code §§12900 et seq. makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability. Gov't Code § 12940(a) forbids an employer from discriminating against an employee because of a physical disability, or because they are perceived to be disabled.

97. As disjunctively defined by FEHA, a person is "physically disabled" if, among other things, the individual: (1) Has a physiological condition that both (a) affects a specific body system and (b) limits a major life activity[4]; (2) Has a "record or history" of such a physiological condition; or, (3) Is "regarded or treated" by the individual's employer as having or having had, a physiological condition that is not presently disabling, but that may become so. (Gov't Code § 12926, subd. (k)(1)(A), (B), (3), (4), (5); Gelfo v. Lockheed Martin Corporation, (2006) 140 Cal.App.4th 34.)

98. Nehme suffered from a physical disability/pregnancy as defined by the FEHA.

99. With knowledge of Nehme's physical disability/pregnancy, CVS discriminated against her by refusing to provide her with the reasonable accommodation of time off of work so that

---

[4] A physiological condition "limits" a major life activity if it makes difficult the achievement of the major life activity. (Gov't Code § 12926, subd. (k)(ii).) The term "major life activity" is broadly construed, and includes physical and social activities and working. (Gov't Code § 12926, subd. (k)(iii).)

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA. 91367
(818) 606-6618

- 12 -

FIRST AMENDED COMPLAINT

1   she could recover from her serious medical condition, by other adverse conduct according to

2   proof, and by terminating her employment.

3   100.   Plaintiff is informed and believes and thereon alleges that the aforepled conduct was

4   motivated by her disability or perceived disability.

5   101.   The aforepled conduct of CVS, and Does 1 – 10, and each of them, constitutes

    discrimination based on Plaintiff's physical disability or perceived physical disability.

6   102.   As a proximate result of the said discrimination, Plaintiff has suffered mental anguish

7   and emotional suffering, all to her damage and in an amount according to proof. .

8   103.   As a further proximate result of said discrimination as aforepled, Plaintiff has suffered a

9   loss of tangible employment benefits including lost wages and benefits and continues to

10   sustain additional losses in earnings and other employment benefits in an amount according

11   to proof.

12   104.   As a further proximate result of the aforepled discrimination, Plaintiff was compelled to

13   and did retain an attorney, and is accordingly entitled to an award of attorney's fees and

    costs of this lawsuit according to proof at the time of trial.

14   105.   As a further proximate result of said discrimination, Plaintiff has incurred and will

15   continue to incur medical expenses in an amount according to proof at the time of trial.

16   106.   The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff

17   to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that

18   such conduct was undertaken by an officer or managing agent of CVS, or alternatively, was

    authorized, ratified or approved by an officer or managing agent of CVS.

19   **SEVENTH CAUSE OF ACTION**

20   **Harassment on the Basis of Disability in Violation of the FEHA**

21   **(by Plaintiff against MATTHEW ENTREKIN, CVS, and Does 1-10)**

22   107.   To the extent they are not inconsistent, Plaintiff incorporates by reference the allegations

23   set forth in the foregoing paragraphs of this Complaint as if fully set forth herein.  FEHA

    prohibits discrimination on the basis of "physical disability, mental disability, and medical

24   condition." Cal. Gov. Code Section 12940(a).

25   108.   FEHA has the same ban on harassment which is directed at or arises from "physical

26   disability, mental disability, [or] medical condition" as it does on to any other of the

27   protected characteristics. Government Code §12940(j)(1). The prohibitions against

28

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA  91367
(818) 606-6618

- 13 -

FIRST AMENDED COMPLAINT

EXHIBIT A, PAGE 27

harassment based on physical or mental disability or medical condition are the same as those proscribing harassment based on other protected characteristics.[5]

109.   At all times relevant, Plaintiff was an employee of CVS and Does 1–10, inclusive. .

110.   Defendants Entrekin, CVS, and Does 1 – 10, harassed Plaintiff on the basis of her disability (pregnancy).

111.   The harassing conduct to which Nehme was subjected by Defendants was severe or pervasive.

112.   A reasonable woman in Nehme's circumstances would have considered the work environment to be hostile or abusive.

113.   Nehme considered the work environment to be hostile and/or abusive.

114.   Defendant, Entrekin, a store manager and person in a position of authority over Plaintiff, engaged in the harassment of Plaintiff.

115.   Nehme was harmed.

116.   Defendants' conduct was a substantial factor in causing Nehme's harm.

## EIGHTH CAUSE OF ACTION

### Failure to Engage in the Interactive Process in Violation of the FEHA

### (Gov't Code § 12940(n))

(by Plaintiff against CVS and Does 1-10)

117.   Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also incorporates said paragraphs as though set forth in full in this Cause of Action.

118.   The FEHA provides for an independent cause of action for failure to engage in a good faith interactive process to determine an effective accommodation.  Gov't Code § 12940, subd. (n); Claudio v. Regents of University of California (2005) 134 Cal.App.224, 243).

119.   The interactive process is a means to guard against capable employees losing their jobs. "It is clearly a mechanism to allow for early intervention by the employer outside of the legal forum, for exploring reasonable accommodations for employees who are perceived to be disabled." (Jacques v. Dimarzio, (2002) 200 F.Supp.2d 151,170).

---

[5] Muller v. Automobile Club of Southern California (1998) 61 Cal.App.4th 431, 446 ("Since Muller's theory is that she was subjected to a hostile work environment created by repeated harassing statements by management personnel, we look to cases addressing the requirements for a hostile work environment claim of sexual harassment for guidance.").

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA  91367
(818) 606-6618

- 14 -

FIRST AMENDED COMPLAINT

120.   Nehme was physically disabled within the meaning of the FEHA, all as aforepled, due to her being pregnant and having other serious medical conditions.  Alternatively, the Employer, CVS, and/or Does 1 – 10, perceived Nehme as being disabled.

121.   *Government Code* Section 12940(n) requires an employer to engage in a good faith interactive process with a disabled employee to ascertain reasonable accommodations.  The employer's failure to do so is a separate violation of the FEHA.

122.   CVS, and Does 1 – 10, violated *Government Code* Section 12940(n) by failing to engage in said good faith interactive process with Nehme after Nehme reported that she was suffering from serious medical conditions, including ones that followed her pregnancy, and needed the reasonable accommodation of medical leave.  Instead of engaging in a good faith interactive process, several days after informing Nehme that her medical leave had been approved, CVS, and Does 1 – 10, decided to terminate Nehme.

123.   As a proximate result of the said violation of the FEHA, Nehme has suffered mental anguish and emotional suffering all to her damage and in an amount according to proof at the time of trial.

124.   As a further proximate result of said violation of the FEHA as aforepled, Nehme has suffered a loss of tangible employment benefits including lost wages and other benefits in an amount according to proof at the time of trial.

125.   As a result of the said violation of the FEHA, Nehme was compelled to and did retain an attorney, and is accordingly entitled to an award of attorney's fees and costs of this lawsuit according to proof at the time of trial.

126.   The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer or managing agent of Shadow Hills Convalescent Hospital, and Does 1 – 10, and/or alternatively, was authorized, ratified or approved by an officer or managing agent of CVS, and/or Does 1 – 10.

### NINTH CAUSE OF ACTION

**Failure to Provide Reasonable Accommodations in Violation of the FEHA**

(Gov't Code § 12940(m))

(By Plaintiff Against Shadow Hills Convalescent Hospital and Does 1 – 10)

127.   Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also incorporates said paragraphs as though set forth in full in this Cause of Action.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd, 3rd Floor
Woodland Hills, CA  91367
(818) 606-6618

- 15 -

FIRST AMENDED COMPLAINT

128.   The FEHA provides an independent cause of action for an employer's failure to provide reasonable accommodation for an applicant or employee's known disability. (*Gov't* Code § 12940, subd. (a), (m).)  "Under the express provisions of the FEHA, the employer's failure to reasonably accommodate a disabled individual is a violation of the statute in and of itself." (*Jensen v. Wells Fargo*, (2000) 85 Cal.App.4th 245, 256; *Bagatti v. Department of Rehabilitation* (2002) 97 Cal.App.4th 344, 357).

129.   Nehme was at all relevant times physically disabled or perceived as physically disabled as defined by the law of the State of California, all as aforepled.

130.   *Government Code* Section 12940(m) requires an employer to provide reasonable accommodations to employees with known physical disabilities.[6]

131.   CVS, and Does 1 – 10, violated the FEHA by terminating Plaintiff instead of providing reasonable accommodations.

132.   As a proximate result of said violation of FEHA as aforepled, Nehme has suffered a loss of tangible employment benefits including lost wages and benefits, in an amount according to proof.

133.   As a further proximate result of said conduct, Nehme has suffered mental anguish and emotional suffering all to her damage and in an amount according to proof.

134.   As a result of the said FEHA violations, Nehme was compelled to and did retain an attorney, and is accordingly entitled to an award of attorney's fees and costs of this lawsuit according to proof at the time of trial.

135.   The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer or managing agent of CVS, and Does 1 – 10, and/or alternatively, was authorized, ratified or approved by an officer or managing agent of CVS, and/or Does 1 – 10.

//
//
//
//

---

[6] Contrary to the "you didn't ask" defense, case law places the burden on an employer who is aware of a possible disability to affirmatively seek out possible accommodations. See: *Prilliman v. United Air Lines, Inc.* (1999) 53 Cal.App.4th 935, 950-951.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 16 -

FIRST AMENDED COMPLAINT

**TENTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy**

(By Plaintiff Against CVS and Does 1 – 10)

136.    Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also incorporates said paragraphs as though set forth in full in this Cause of Action.

137.    The FEHA makes public and private employers directly liable for violations of that law. *Gov't Code* § 12926. *Gantt* instructs that a common law claim for wrongful termination must be tethered to fundamental policies that are delineated in wither constitutional or statutory provisions. *Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083, 1095. This wrongful-termination cause of action is tethered to the FEHA and to other laws and statutes that protect workers from adverse employment actions based on their protected status and/or their engagement in protected activities.

138.    An employment relationship existed between CVS and Does 1 – 10, on the one hand, and Plaintiff, on the other.

139.    CVS, and Does 1 – 10, terminated Plaintiff's employment.

140.    Plaintiff's protected status and/or her act of engaging in a protected activity by: (1) refusing to engage in sexual conduct with Entrekin; (2) informing CVS that her manager had wrongfully accused her of making a racist comment; (3) disclosing that she was pregnant; (4) of notifying her employer that she needed additional time off of work to recover from her pregnancy & disability and intended to seek baby bonding leave; among other things.

141.    Nehme suffered harm.

142.    The conduct of Defendants is a substantial factor(s) in causing Nehme's harm.

143.    As a proximate result of the said violation of the FEHA, Nehme has suffered mental anguish and emotional suffering, all to her damage and in an amount according to proof.

144.    As a further proximate result of Defendants' FEHA-violations of as aforepled, Nehme has suffered a loss of tangible employment benefits including lost wages and benefits in an amount according to proof at the time of trial.

145.    As a result of the said FEHA violations, Nehme was compelled to and did retain an attorney and is accordingly entitled to an award of attorney's fees and costs of this lawsuit according to proof at the time of trial.

146.    The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 17 -

FIRST AMENDED COMPLAINT

1    such conduct was taken by an officer or managing agent of CVS, and Does 1 – 10, and/or

2    alternatively, was authorized, ratified or approved by an officer or managing agent of CVS,

3    and/or Does 1 – 10.

4

5         WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as

6    follows:

7        1.     For general damages;

8        2.     For special damages;

9        3.     Interest on compensatory damages at the legal rate from the date of injury;

10       4.     For other compensatory damages for emotional distress and other economic and

              non-economic losses;

11

12       5.     Punitive and exemplary damages as provided by law;

13       6.     Attorneys' fees;

14       7.     Costs and expense of suit incurred herein;

15       8.     Premium pay;

16       9.     Penalties, including but not limited to waiting time penalties; and

17       10.    For other just and proper relief including but not limited to that which is requested

              in this Complaint.

18

19   Dated:  September 23, 2020         LAW OFFICES OF ANN A. HULL, INC.

20

21                By: /s/ Ann A. Hull
             Ann A. Hull

22                Jeffrey M. Schwartz
             Rachel E. Savoian Hunt

23                Attorneys for Plaintiff,
             LINDA NEHEME

24                (Signed Electronically)

25

26

27

28

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA  91367
(818) 606-6618

                  - 18 -

            FIRST AMENDED COMPLAINT

# EXHIBIT "1"



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 23, 2019

RE:     **Notice of Filing of Discrimination Complaint**
        DFEH Matter Number: 201909-07664424
        Right to Sue: Nehme / CVS Pharmacy Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency          GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**     KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 23, 2019

Linda Nehme
16201 Halsey Street
Grenada Hills, California 91334

RE:    **Notice of Case Closure and Right to Sue**
        DFEH Matter Number: 201909-07664424
        Right to Sue: Nehme / CVS Pharmacy Inc. et al.

Dear Linda Nehme,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 23, 2019 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A, PAGE 35

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Linda Nehme                                    DFEH No. 201909-07664424

Complainant,

vs.

CVS Pharmacy Inc.
1 CVS Drive
Woonsocket, Rhode Island 91344

Garfield Beach CVS
,

Longs Drug Stores California
,

Matthew Entrekin
,

CVS
,

Respondents
_____

1. Respondent **CVS Pharmacy Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Linda Nehme**, resides in the City of **Grenada Hills** State of **California.**

3. Complainant alleges that on or about **September 12, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), sex/gender, disability (physical or mental), other, pregnancy, childbirth, breast feeding, and/or related medical conditions, sexual harassment-

-1-
*Complaint – DFEH No. 201909-07664424*

Date Filed: September 23, 2019

1   hostile environment, sexual harassment- quid pro quo, baby bonding leave
2   (employers of 20 - 49 people), association with a member of a protected class.

3   **Complainant was discriminated against** because of complainant's national origin
    (includes language restrictions), sex/gender, family care or medical leave (cfra)
4   (employers of 50 or more people), disability (physical or mental), other, pregnancy,
    childbirth, breast feeding, and/or related medical conditions, sexual harassment-
5   hostile environment, sexual harassment- quid pro quo, baby bonding leave
6   (employers of 20 - 49 people), association with a member of a protected class and
    as a result of the discrimination was terminated, asked impermissible non-job-related
7   questions, denied any employment benefit or privilege, denied accommodation for
    pregnancy, other, denied work opportunities or assignments.
8
9   **Complainant experienced retaliation** because complainant reported or resisted
    any form of discrimination or harassment, requested or used a pregnancy-disability
10  related accom., requested or used a disability-related accommodation, requested or
    used baby bonding leave (employers of 20-49 people), participated as a witness in a
11  discrimination or harassment complaint, requested or used leave under the california
    family rights act or fmla (employers of 50 or more people) and as a result was
12  terminated, asked impermissible non-job-related questions, denied any employment
13  benefit or privilege, denied reasonable accommodation for a disability, denied
    accommodation for pregnancy, denied employer paid health care while on
14  pregnancy disability leave, other, denied baby bonding leave (employers of 20-49
    people).
15
16  **Additional Complaint Details:** In or about January 2013, I injured my neck,
    shoulder, and back at work.  While I was at CVS, myself and other female
17  employees were subjected to repeated sexual harassment, unwelcome requests for
18  dates, and unwelcome commentary about women's bodies and women, particularly
    by Matthew Entrekin, a manager, but also by his associates. Matthew Entrekin
19  would bully female employees who rejected his advances, issue orders that violated
    company policy (so he could later fire or threaten to fire them for violating the same
20  policy he ordered them to violate), cut workers' hours, and take other action that
    negatively affected female workers' careers at CVS.  Even when Matthew Entrekin
21  worked at an entirely different store than I, he had the ability to, and did, adversely
22  affect my work conditions. This included making false accusations of wrong-doing.
    In 2018 and 2019, a number of female employees complained about Matthew
23  Entrekin's sex harassment and discrimination, and I was a witness. By September
    the hostile work environment had become so severe that I was advised to take time
24  off work, which I did on or about October 4, 2018.  I provided notes to CVS from my
25  doctor.  Later in 2018, I became pregnant and was informed that I had a high risk
    pregnancy and was told to remain off of work by my doctor, which I did.  CVS was
26

27                                    -2-
28  Date Filed: September 23, 2019



1   informed about my medical condition and I was granted leave until October 3, 2019.
2   In the summer and fall of 2019, I was named as a witness in a sex harassment
    lawsuit, filed against Matthew Entrekin and CVS.  Knowing this, even though I was
3   approved to be off until October 3, 2019, CVS terminated my employment on
    September 12, 2019.  Although I complained about Matthew Entrekin, I am unaware
4   of any actions being taken in response to the complaints of myself or others.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   -3-
     *Complaint – DFEH No. 201909-07664424*

28   Date Filed: September 23, 2019

1  VERIFICATION

2  I, **Ann A. Hull**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
5  On September 23, 2019, I declare under penalty of perjury under the laws of the State
   of California that the foregoing is true and correct.

6                                                            **Woodland Hills. CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
                                    -4-
27              *Complaint – DFEH No. 201909-07664424*

28  Date Filed: September 23, 2019

# EXHIBIT "2"



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                     GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 22, 2020

Ann Hull
LAW OFFICES OF ANN A. HULL, INC.
21900 Burbank Blvd., Third Floor
Woodland Hills, California 91367

RE:   **Notice to Complainant's Attorney**
        DFEH Matter Number: 202009-11331723
        Right to Sue: Nehme / CVS HEALTH SOLUTIONS, INC. et al.

Dear Ann Hull:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A, PAGE 41



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 22, 2020

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202009-11331723
      Right to Sue: Nehme / CVS HEALTH SOLUTIONS, INC. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A, PAGE 42



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency            GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 22, 2020

Linda Nehme
c/o Ann Hull, Esq.,  21900 Burbank Blvd., 3rd Floor
Woodland Hills, California 91367

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202009-11331723
Right to Sue: Nehme / CVS HEALTH SOLUTIONS, INC. et al.

Dear Linda Nehme:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 22, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A, PAGE 43

1

2

3

4

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

5

**In the Matter of the Complaint of**

Linda Nehme                                           DFEH No. 202009-11331723

6

Complainant,

7

vs.

8

CVS HEALTH SOLUTIONS, INC.

9

,

Matthew Enterik

10

,

11

GARFIELD BEACH CVS, LLC
, California 91316

12

13

Respondents

14

15

16

1. Respondent **CVS HEALTH SOLUTIONS, INC.** is an **employer CVS HEALTH SOLUTIONS, INC.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Matthew Enterik** as individual Co-Respondent(s).

17

18

Complainant is naming **GARFIELD BEACH CVS, LLC** as individual Co-Respondent(s).

3. Complainant **Linda Nehme**, resides in the City of **Woodland Hills,** State of **California.**

19

20

4. Complainant alleges that on or about **September 30, 2019,** respondent took the following adverse actions:

21

22

23

24

**Complainant was harassed** because of complainant's sex/gender, sexual orientation, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), pregnancy, childbirth, breast feeding, and/or related medical conditions, sexual harassment- hostile environment, sexual harassment- quid pro quo, baby bonding leave (employers of 20 - 49 people).

25

26

**Complainant was discriminated against** because of complainant's sex/gender, gender identity or expression, disability (physical or mental), medical condition (cancer or genetic characteristic), other, pregnancy, childbirth, breast feeding, and/or related medical

27

28

-1-
*Complaint – DFEH No. 202009-11331723*

Date Filed: September 22, 2020

conditions, sexual harassment- hostile environment, sexual harassment- quid pro quo, baby bonding leave (employers of 20 - 49 people) and as a result of the discrimination was terminated, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people), denied accommodation for pregnancy, denied employer paid health care while on pregnancy disability leave, denied work opportunities or assignments, denied baby bonding leave (employers of 20-49 people).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability related accom., requested or used a disability-related accommodation, requested or used baby bonding leave (employers of 20-49 people), participated as a witness in a discrimination or harassment complaint, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied accommodation for pregnancy, denied employer paid health care while on pregnancy disability leave, other, denied work opportunities or assignments, denied baby bonding leave (employers of 20-49 people).

**Additional Complaint Details:** THE PARTIES
1.      Defendant, GARFIELD BEACH CVS, LLC is a California Corporation and Defendant, CVS HEALTH SOLUTIONS, INC. is a Delaware Corporation.   Plaintiff is informed and believes that CVS HEALTH SOLUTIONS, INC. is in a position of authority over GARFIELD BEACH CVS, LLC. including but not limited to making decisions and policies related to hiring and firing of employees.  Both companies are referred to herein as ("CVS") .  Their agent for service of process is:  CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA.  90017.
2.      Defendant, GARFIELD BEACH CVS, LLC is a business.   Its agent for service of process is:  CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA. 90017.
3.      Defendant, MATTHEW ENTERIK ("Enterik"), at all times relevant was a managing agent of CVS and a supervisor of Plaintiff.
4.      Plaintiff, LINDA NEHME("Nehme") is a former employee of CVS.
FACTS COMMON TO ALL CAUSES OF ACTION
5.      Plaintiff's Protected Status.
a.      Nehme is female.
b.      Nehme at all times relevant was a person with a disability as defined by the FEHA.
6.      Plaintiff's Protected Activities.
a.      Plaintiff rejected sexual advances by Mathew Entrikin and Shahwali, two managers.
b.      Plaintiff complained to her supervisor that she was being subjected to sexual harassment.
c.      Plaintiff reported that she was pregnant.
d.      Plaintiff requested FMLA leave.
7.      Adverse Employment Actions.
a.      Defendant CVS fired Plaintiff.
b.      Defendant CVS refused to engage in the interactive process.

-2-
*Complaint – DFEH No. 202009-11331723*

Date Filed: September 22, 2020

c.      Defendant CVS refused to provide reasonable accommodations.
BACKGROUND
8.      Plaintiff began working for CVS in or around 2008 in the Tarzana CVS.
9.      In around 2015, Plaintiff was injured when commercial steel shelving with wood and products stacked on top, which were not properly bolted to the ground, fell on her, causing injury to her head, back, and neck.  This occurred at store 9670 in Tarzana.
10.     As a result of her injury, Plaintiff filed a worker's compensation claim.
11.     The store manager Grace Gilroy ("Gilroy") at the time.  Plaintiff is informed and believes that, as a result of the negligent manner in which the shelving was constructed and the products were stored, Gilroy was reprimanded.  After returning to work after her injury, Gilroy treated Plaintiff less favorably, causing Plaintiff to feel unwelcome.
12.     One day, after doing inventory, Plaintiff observed that Gilroy, Shahwali [Complete Name Unknown], Shad [Complete Name Unknown; District Manager at the time], and Matt Entrekin ("Entrekin") were present at the store.
13.     Shahwali approached Plaintiff and asked if Plaintiff was interested in transferring to the Sherman Oaks CVS store, which he managed.
14.     Shahwali told Nehme,  "I can train you and eventually make you a store manager."
15.     Plaintiff replied that she would need to think about it.
16.     As she saw Shad, the District Manager, walking out of the store, Plaintiff approached him and asked to speak.  After Shad agreed to give Plaintiff a raise to $19.00, Plaintiff agreed to transfer to a store that was managed by Shahwali.  Plaintiff is informed and believes that Shahwali managed two stores at that time.
17.     After agreeing to transfer, Shahwali assigned Plaintiff to work with him at the North Hollywood CVS store.
18.     Plaintiff felt uncomfortable after Shahwali began ordering her to come into work late at night when the store was closed to the public and when she and he were the only people in the store.
19.     On repeated occasions, while they were alone in the store, Schwally would put his hands on Plaintiff's shoulders and ask for hugs in a manner that made Plaintiff uncomfortable.   This continued after Plaintiff communicated to Shahwali that she did not want her to touch her and after she told him: "I need you to stop.  I am not okay with you doing this."
20.     Plaintiff observed Shahwali repeatedly leer at her breasts.
21.     While Plaintiff was putting shelving away Shahwali grabbed Plaintiff's breast.
22.     Plaintiff pushed Shahwali away and told him, "Hey what are you doing!  I am not okay with this!  I am engaged and you are married!"
23.     As the uncomfortable conduct continued, Plaintiff complained to Seidi Santillana ("Santillana"), a Supervisor.
24.     Plaintiff explained that Shahwali had inappropriately touched and harassed her and that he would not stop, even though she asked him not to touch her.
25.     Santillana replied, "Oh my God, he does the same thing to me!"
26.     Santillana initially communicated that she was afraid that she would lose her job if she complained.
27.     After Shahwali's unwelcome sexual conduct continued, however both Plaintiff and Santillana decided to both speak to Santillana, in private, to communicate about how his conduct was making them feel uncomfortable and to ask him to please stop.

-3-
Complaint – DFEH No. 202009-11331723

Date Filed: September 22, 2020

28.     When Plaintiff and Seidi approach Shahwali and told him how uncomfortable his conduct was making them feel, and asked him to stop, Shahwali responded by saying, "I don't know what you guys are talking about."

29.     Plaintiff is informed and believes that one or more employees complained about Shahwali and that one or more lawsuits may have been filed due to his conduct.

30.     While working in the Sherman Oaks CVS Store, under Shahwali, Matt Entrekin ("Entrekin") communicated that there was a Beauty Consultant position available at the store he managed in Encino.  Plaintiff saw this as an opportunity to escape an uncomfortable work situation and to earn more money because the Encino location was more desirable.

31.     After moving to the Encino store, Entrekin called Plaintiff into his office and asked her uncomfortable, private questions when no one else was nearby.

32.     Entrekin constantly used profanity and vulgar language.  This included calling people "Asshole" and using all variations of the work "Fuck."  While she is not normally uncomfortable hearing profanity, the extent to which Entrekin made her uncomfortable and embarrassed.

33.     Plaintiff was uncomfortable when Entrekin publicly commented on the physical appearance of female customers and when he commented about whether or not he would have sex with them.

34.     After attending an AIDS charity event in Hollywood, Plaintiff, another employee and Plaintiff went to eat sushi.  On this same evening, Entrekin asked Plaintiff to go on a date.

35.     After declining to date Entrekin, Entrekin frequently glared at Plaintiff and humiliated her by speaking disrespectfully about her, both in and out of her presence.

36.     Entrekin demanded information about her dating activities.

37.     Entrekin communicated that, if it wasn't for Plaintiff's sexy appearance she would be unable to sell anything and not have a job.

38.     On Friday, December 30, 2016, after continuing to turn down Entrekin's advances, Entrekin encouraged co-workers to write statements that Entrekin had made monkey sounds to harass an African-American co-worker.

39.     Regardless of her intent to distance herself from Entrekin, Entrekin would glare and stare at Plaintiff and communicate by his facial expressions and eyes, that if she complained, he would not hesitate to fire her.

40.     After firmly communicating to Entrekin that Plaintiff was in a committed relationship, that she did not intend to have a relationship with Entrelin, and that she and her fiancé planned to have children, Entrekin humiliated Plaintiff with inappropriate comments to third parties about how what Plaintiff was Plaintiff's pregnancy.

41.     When Plaintiff sought FMLA leave, due to the serious medical condition of a family member, Entrekin communicated that doing so would cost Plaintiff her job and began documenting her absences,  Entrekin told her that he needed to understand how Plaintiff was "using her absences."

42.     Fearful of being fired, Plaintiff sought and obtained intermittent FMLA.

43.     After hearing that Gilroy was no longer manager, Plaintiff applied for an open Beauty Consultant position at her former store in Tarzana.

44.     Valerie [last name unknown], a regular customer of the CVS store at which Plaintiff had worked for Entrekin, upon seeing Plaintiff working at another store, approached Plaintiff and warned Plaintiff about a conversation that had taken place between herself and Entrekin.  Valerie explained that, after noticing that Plaintiff had not been in the store,

-4-
Complaint – DFEH No. 202009-11331723

Date Filed: September 22, 2020

Valerie asked Entrekin about Plaintiff. Valerie explained that Entrekin replied that Nehme "said" she was out on a leave, but that Nehme "was really just trying to get pregnant."

45.     Even after moving to the Tarzana CVS store, Entrekin continued to intimidate, threaten, stalk, frighten, and harass Nehme. The stalking behavior increased after Plaintiff revealed that she was pregnant.

46.     In or about January of 2019, Plaintiff was in the CVS office with, Troy, the store manager, when she received a call from Matt Entrekin. Upon seeing that the incoming phone call was from Entrekin, Plaintiff took the call on speaker-phone.

47.     Upon answering the call Entrekin, in a threatening tone of voice said: "Hey! Did you hear about Shahwali! He got fired! Did you have anything to do with it?"

48.     Plaintiff responded: "Why are you calling me on my personal number about this?"

49.     Entrekin later went out of his way to embarrass Plaintiff by communicating that Plaintiff was a snitch and had caused a manager to lose his job and that he had plans and that Plaintiff was next to lose her job.

50.     Plaintiff delivered her baby on June 6, 2019.

51.     Due to her pregnancy-related medical disability, sought an extended leave and baby-bonding time.

52.     Plaintiff received a letter, dated August 15 2019, stating that the "Reasonable Accommodations Team will be reaching out to you shortly" and that "your employment may be terminated." Plaintiff responded to the communication and was assured that her leave would be extended.

53.     On August 19, 2019, Plaintiff received a letter confirming that "your leave of absence from October 4, 2018, to October 3, 1919 has been approved."

54.     On September 12, 2019, CVS terminated Plaintiff's employment. Plaintiff notification of the termination in late September.

-5-
*Complaint – DFEH No. 202009-11331723*

Date Filed: September 22, 2020

VERIFICATION

I, **Ann A. Hull**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On September 22, 2020, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Woodland Hills CA**

-6-
*Complaint – DFEH No. 202009-11331723*

Date Filed: September 22, 2020

20STCV36273

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Yolanda Orozco

Electronically FILED by Superior Court of California, County of Los Angeles on 09/22/2020 11:34 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel, Deputy Clerk

Ann A. Hull, Esq. SBN: 252855
Jeffrey M. Schwartz, Esq. SBN: 254916
Rachel E. Savoian Hunt, Esq. SBN: 281115
LAW OFFICES OF ANN A. HULL, INC.
21900 Burbank Blvd., Third Floor
Woodland Hills, CA 91367
Telephone: (818) 992-2924
Facsimile: (818) 322-1321
a.hull@annhull.com
r.hunt@annhull.com

Attorney for Plaintiff, LINDA NEHME

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| LINDA NEHME, an individual, | Case No.: 20STCV36273 |
| Plaintiff, | Dept.: |
| | Date Filed: |
| v. | Assigned to: |
| GARFIELD BEACH CVS, LLC, a California Corporation; CVS HEALTH SOLUTIONS, INC.; A Delaware Corporation; MATTHEW ENTERIK, an individual; and DOES 1 through 10, | **JURY TRIAL DEMANDED** |
| Defendants | **COMPLAINT FOR:** |

**COMPLAINT FOR:**
**(1) Hostile Work Environment Harassment (Gender/Sex) (Conduct by an Individual);**
**(2) Hostile Work Environment Harassment (Gender/Sex) (Conduct by an Employer);**
**(3) Retaliation (FEHA);**
**(4) Failure to Prevent Harassment, Discrimination, or Retaliation;**
**(5) Sex Discrimination; and,**
**(6) Disability (Pregnancy) Discrimination;**
**(7) Harassment on the Basis of Disability in Violation of the FEHA;**
**(8) Failure to Engage in the Interactive Process in Violation of the FEHA;**
**9) Failure to Provide Reasonable Accommodations in Violation of the FEHA; and,**
**(10) Wrongful Termination.**

EXHIBIT A, PAGE 50

**THIS COMPLAINT IS BEING FILED TO PRESERVE PLAINTIFF'S STATUTE OF LIMITATIONS.  [A FIRST AMENDED COMPLAINT WILL BE FILED AT A LATER TIME AND PRIOR TO SERVICE.]**

<b>THE PARTIES</b>

1.  Defendant, GARFIELD BEACH CVS, LLC is a California Corporation and Defendant, CVS HEALTH SOLUTIONS, INC. is a Delaware Corporation.  Plaintiff is informed and believes that CVS HEALTH SOLUTIONS, INC. is in a position of authority over GARFIELD BEACH CVS, LLC. including but not limited to making decisions and policies related to hiring and firing of employees.  Both companies are referred to herein as ("CVS") .  Their agent for service of process is:  CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA.  90017.

2.  Defendant, GARFIELD BEACH CVS, LLC is a business.  Its agent for service of process is:  CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA.  90017.

3.  Defendant, MATTHEW ENTERIK ("Enterik"), at all times relevant was a managing agent of CVS and a supervisor of Plaintiff.

4.  Plaintiff, LINDA NEHME("Nehme") is a former employee of CVS.

<b>FACTS COMMON TO ALL CAUSES OF ACTION</b>

5.  **Plaintiff's Protected Status**.
    a.  Nehme is female.
    b.  Nehme at all times relevant was a person with a disability as defined by the FEHA.

6.  **Plaintiff's Protected Activities**.
    a.  Plaintiff rejected sexual advances by Mathew Entrikin and Shahwali, two managers.
    b.  Plaintiff complained to her supervisor that she was being subjected to sexual harassment.
    c.  Plaintiff reported that she was pregnant.
    d.  Plaintiff requested FMLA leave.

7.  **Adverse Employment Actions.**
    a.  Defendant CVS fired Plaintiff.
    b.  Defendant CVS refused to engage in the interactive process.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 2 -<br>COMPLAINT

c.  Defendant CVS refused to provide reasonable accommodations.

## **BACKGROUND**

8.  Plaintiff began working for CVS in or around 2008 in the Tarzana CVS.

9.  In around 2015, Plaintiff was injured when commercial steel shelving with wood and products stacked on top, which were not properly bolted to the ground, fell on her, causing injury to her head, back, and neck.  This occurred at store 9670 in Tarzana.

10. As a result of her injury, Plaintiff filed a worker's compensation claim.

11. The store manager Grace Gilroy ("Gilroy") at the time.  Plaintiff is informed and believes that, as a result of the negligent manner in which the shelving was constructed and the products were stored, Gilroy was reprimanded.   After returning to work after her injury, Gilroy treated Plaintiff less favorably, causing Plaintiff to feel unwelcome.

12. One day, after doing inventory, Plaintiff observed that Gilroy, Shahwali [Complete Name Unknown], Shad [Complete Name Unknown; District Manager at the time], and Matt Entrekin ("Entrekin") were present at the store.

13. Shahwali approached Plaintiff and asked if Plaintiff was interested in transferring to the Sherman Oaks CVS store, which he managed.

14. Shahwali told Nehme,  "I can train you and eventually make you a store manager."

15. Plaintiff replied that she would need to think about it.

16. As she saw Shad, the District Manager, walking out of the store, Plaintiff approached him and asked to speak.  After Shad agreed to give Plaintiff a raise to $19.00, Plaintiff agreed to transfer to a store that was managed by Shahwali.  Plaintiff is informed and believes that Shahwali managed two stores at that time.

17. After agreeing to transfer, Shahwali assigned Plaintiff to work with him at the North Hollywood CVS store.

18. Plaintiff felt uncomfortable after Shahwali began ordering her to come into work late at night when the store was closed to the public and when she and he were the only people in the store.

19. On repeated occasions, while they were alone in the store, Schwally would put his hands on Plaintiff's shoulders and ask for hugs in a manner that made Plaintiff uncomfortable.   This continued after Plaintiff communicated to Shahwali that she did not want him to touch her and after she told him: "I need you to stop.  I am not okay with you doing this."

20. Plaintiff observed Shahwali repeatedly leer at her breasts.

21. While Plaintiff was putting shelving away Shahwali grabbed Plaintiff's breast.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 3 -
COMPLAINT

EXHIBIT A, PAGE 52

22. Plaintiff pushed Shahwali away and told him, "Hey what are you doing! I am not okay with this! I am engaged and you are married!"

23. As the uncomfortable conduct continued, Plaintiff complained to Seidi Santillana ("Santillana"), a Supervisor.

24. Plaintiff explained that Shahwali had inappropriately touched and harassed her and that he would not stop, even though she asked him not to touch her.

25. Santillana replied, "Oh my God, he does the same thing to me!"

26. Santillana initially communicated that she was afraid that she would lose her job if she complained.

27. After Shahwali's unwelcome sexual conduct continued, however both Plaintiff and Santillana decided to both speak to Santillana, in private, to communicate about how his conduct was making them feel uncomfortable and to ask him to please stop.

28. When Plaintiff and Seidi approach Shahwali and told him how uncomfortable his conduct was making them feel, and asked him to stop, Shahwali responded by saying, "I don't know what you guys are talking about."

29. Plaintiff is informed and believes that one or more employees complained about Shahwali and that one or more lawsuits may have been filed due to his conduct.

30. While working in the Sherman Oaks CVS Store, under Shahwali, Matt Entrekin ("Entrekin") communicated that there was a Beauty Consultant position available at the store he managed in Encino. Plaintiff saw this as an opportunity to escape an uncomfortable work situation and to earn more money because the Encino location was more desirable.

31. After moving to the Encino store, Entrekin called Plaintiff into his office and asked her uncomfortable, private questions when no one else was nearby.

32. Entrekin constantly used profanity and vulgar language. This included calling people "Asshole" and using all variations of the work "Fuck." While she is not normally uncomfortable hearing profanity, the extent to which Entrekin made her uncomfortable and embarrassed.

33. Plaintiff was uncomfortable when Entrekin publicly commented on the physical appearance of female customers and when he commented about whether or not he would have sex with them.

34. After attending an AIDS charity event in Hollywood, Plaintiff, another employee and Plaintiff went to eat sushi. On this same evening, Entrekin asked Plaintiff to go on a date.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 4 -
COMPLAINT

EXHIBIT A, PAGE 53

35. After declining to date Entrekin, Entrekin frequently glared at Plaintiff and humiliated her by speaking disrespectfully about her, both in and out of her presence.

36. Entrekin demanded information about her dating activities.

37. Entrekin communicated that, if it wasn't for Plaintiff's sexy appearance she would be unable to sell anything and not have a job.

38. On Friday, December 30, 2016, after continuing to turn down Entrekin's advances, Entrekin encouraged co-workers to write statements that Entrekin had made monkey sounds to harass an African-American co-worker.[1]

39. Regardless of her intent to distance herself from Entrekin, Entrekin would glare and stare at Plaintiff and communicate by his facial expressions and eyes, that if she complained, he would not hesitate to fire her.

40. After firmly communicating to Entrekin that Plaintiff was in a committed relationship, that she did not intend to have a relationship with Entrelin, and that she and her fiancé planned to have children, Entrekin humiliated Plaintiff with inappropriate comments to third parties about how what Plaintiff was Plaintiff's pregnancy.

41. When Plaintiff sought FMLA leave, due to the serious medical condition of a family member, Entrekin communicated that doing so would cost Plaintiff her job and began documenting her absences,   Entrekin told her that he needed to understand how Plaintiff was "using her absences."

42. Fearful of being fired, Plaintiff sought and obtained intermittent FMLA.

43. After hearing that Gilroy was no longer manager, Plaintiff applied for an open Beauty Consultant position at her former store in Tarzana.

44. Valerie [last name unknown], a regular customer of the CVS store at which Plaintiff had worked for Entrekin, upon seeing Plaintiff working at another store, approached Plaintiff and warned Plaintiff about a conversation that had taken place between herself and Entrekin. Valerie explained that, after noticing that Plaintiff had not been in the store, Valerie asked Entrekin about Plaintiff.  Valerie explained that Entrekin replied that Nehme "said" she was out on a leave, but that Nehme "was really just trying to get pregnant."

---

[1] Plaintiff explained that she had just learned that she was getting four days off for the holidays and made an "ooh-ooh-a-a" sound as an expression of joy and excitement.  Plaintiff, who is of Middle Eastern heritage, and who has African American family members, denies that the sound had anything to do race or that it was intended to be heard by Stacey, who is African-American.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 5 -

COMPLAINT

45. Even after moving to the Tarzana CVS store, Entrekin continued to intimidate, threaten, stalk, frighten, and harass Nehme. The stalking behavior increased after Plaintiff revealed that she was pregnant.

46. In or about January of 2019, Plaintiff was in the CVS office with, Troy, the store manager, when she received a call from Matt Entrekin. Upon seeing that the incoming phone call was from Entrekin, Plaintiff took the call on speaker-phone.

47. Upon answering the call Entrekin, in a threatening tone of voice said: "Hey! Did you hear about Shahwali! He got fired! Did you have anything to do with it?"

48. Plaintiff responded: "Why are you calling me on my personal number about this?"

49. Entrekin later went out of his way to embarrass Plaintiff by communicating that Plaintiff was a snitch and had caused a manager to lose his job and that he had plans and that Plaintiff was next to lose her job.

50. Plaintiff delivered her baby on June 6, 2019.

51. Due to her pregnancy-related medical disability, sought an extended leave and baby-bonding time.

52. Plaintiff received a letter, dated August 15 2019, stating that the "Reasonable Accommodations Team will be reaching out to you shortly" and that "your employment may be terminated." Plaintiff responded to the communication and was assured that her leave would be extended.

53. On August 19, 2019, Plaintiff received a letter confirming that "your leave of absence from October 4, 2018, to October 3, 1919 has been approved."

54. On September 12, 2019, CVS terminated Plaintiff's employment. Plaintiff notification of the termination in late September.

55. On September 23, 2019, Plaintiff, through counsel, requested a copie of her employee file, pursuant to Labor Code §§ 226, 226 (b), 432, and 1198.5. The letter was sent by fax and FedEx. FedEx Tracking record show the package was delivered on September 25, 2019, at 9:18 a.m.

56. CVS replied in a fax, dated October 1, 2019, with no employee file documents and a not reading: Expected Purge Date: October 1, 2019. As of the date of the filing of this document, Plaintiff has not received her employee files.

//

## PRELIMINARY ALLEGATIONS

57. At all times relevant, Enterik, Christine Arenault,  and Shahwali were managing agents of CVS, with the authority to make and implement rules, policies, and procedures at Plaintiff's workplace.

58. Nehme filed a timely complaint with California's Department of Fair Employment and Housing ("DFEH") pursuant to Section 12900, *et seq.*, of the Government Code.

59. Plaintiff is informed and believes and thereon alleges that CVS employs more than five (5) people in the State of California and therefore is accordingly subject to the provisions of California's Fair Employment and Housing Act ("FEHA").

60. At all times relevant to Plaintiff's complaint, there existed an employer-employee relationship between Plaintiff and CVS.  As a result of harm suffered by Plaintiff as described herein this complaint, she has suffered damages in excess of the minimum jurisdiction of this court.

61. The true names and capacities of Defendants referred to herein as Does are unknown to Plaintiff at this time, and Plaintiff is informed and believes that they are in some way responsible for the damages incurred.  Plaintiff will amend this Complaint to allege the true names and capacities when ascertained.

62. Plaintiff is informed and believes, and thereon alleges, that at all material times each Defendant and each Doe Defendant's actions and conduct were known to, authorized, and ratified by all other defendants, and Does 1 through 10, and their agents, inclusive.

63. Plaintiff is informed and thereon alleges that the Defendant(s) in this action knowingly and willfully conspired and agreed among themselves to do the acts herein alleged.  Defendants did those acts in furtherance of their conspiracy.  Defendant(s) furthered their conspiracy by cooperation, lending aid, encouragement, ratification, and adopting the acts of each other.

64. Plaintiff is informed and believes, and thereon alleges, that the Defendant(s) committed other wrongful acts or omissions of which Plaintiff is presently unaware.  Such acts are ongoing and will continue after the filing of this action.  Plaintiff will seek leave of court to amend this Complaint when Plaintiff discovers the other acts and omissions of such Defendants.

65. As a further direct and legal result of Defendant's acts and conduct as aforesaid and herein generally, Plaintiff has been caused to and did suffer and continues to suffer severe emotional and mental distress, anguish, humiliation, embarrassment, fright, mental and physical pain, discomfort and, anxiety.  Plaintiff does not know at this time the exact duration or permanence of said injuries, but is informed and believes, and hereon alleges, that some, if not all, of the

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA  91367
(818) 606-6618

- 7 -

COMPLAINT

1   injuries are such that Plaintiff has been generally damages in an amount within the

2   jurisdictional limits of this court.

3   66. To the extent provided by law, he aforepled conduct constitutes malice, oppression, or fraud,

4   thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes

5   and thereon alleges that such conduct was taken by an officer or managing agent of CVS, or

6   alternatively, authorized, ratified or approved by an officer or managing agent of CVS, and

    Does 1-10).

7   67. To the extent provided by law, Plaintiff requests an award of her attorneys' fees and costs

8   related to the litigation of this action.

9                    **FIRST CAUSE OF ACTION**

10   **Hostile Work Environment Harassment (Gender/Sex Harassment)**

11   **(Conduct Directed at Plaintiff by an Individual)**

12   **(Gov. Code, § 12940(j)) (CACI 2522A)**

     (by Plaintiff against MATTHEW ENTERIK, CVS, and Does 1-10)

13   68. Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also

14   incorporates said paragraphs as though set forth in full in this Cause of Action.

15   69. Plaintiff claims that Matthew Enterik subjected her to harassment on the basis of her

16   gender/sex (female) and pregnancy.

17   70. The "harassment so altered working conditions as to make it more difficult to do the job."[2]  A

18   reasonable person in the position of the Plaintiff would have considered the work environment

     to be harassing.[3]

19   71. Plaintiff considered the work environment to be harassing

20   72. CVS was aware of the harassing conduct, and instead of stopping it, ratified and enabled it by

21   failing to take reasonable action.

22

23   [2] California's SB 1300 added a section to the *Government Code* approving the standard in Justice
     Ruth Bader Ginsburg's concurrence that in a workplace harassment suit "the plaintiff need not

24   prove that his or her tangible productivity has declined as a result of the harassment.  It suffices to
     prove that a reasonable person subjected to the discriminatory conduct would find, as the plaintiff

25   did, that the harassment so altered working conditions as to make it more difficult to do the job."

26   [3] California's SB 1300 adds a section to the Government Code that declares the purpose of
     harassment laws is to provide all Californians with equal opportunity to succeed in the workplace.

27   To that end, the bill expressly affirms *Nazir v. United Airline*'s observation that "hostile working
     environment cases involve issues not determinable on paper."  *See*:

28   https://caselaw.findlaw.com/ca-court-of-appeal/1499987.html

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA  91367
(818) 606-6618

- 8 -

COMPLAINT

73. Plaintiff was harmed.

74. The conduct of Enterik was a substantial factor in causing Plaintiff's harm.

## SECOND CAUSE OF ACTION

### Hostile Work Environment Harassment (Sex/Gender/Pregnancy Harassment)

### (Conduct Directed at Plaintiff by an Employer)

### (Gov. Code, § 12940(j)) (CACI 2521A)

(by Plaintiff against CVS and Does 1-10)

75. Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also incorporates said paragraphs as though set forth in full in this Cause of Action.

76. Plaintiff claims that she was subjected to harassment based on her gender (female) and due to her pregnancy at CVS, causing a hostile or abusive work environment.

77. CVS and its managing agents, directors, officers, and employees, and Does 1 – 10, including but not limted to Enterik, Shahwali, and Arsenault, knew or should have known that Plaintiff was being subjected to a hostile or abusive work environment and failed to take immediate and appropriate corrective action.

78. Plaintiff, Plaintiff, was harmed.

79. The conduct of CVS, and of its managing agents, directors, officers, and or employees, and Does 1 – 10, was a substantial factor in causing Plaintiff's harm

## THIRD CAUSE OF ACTION

### Retaliation

### (in Violation of California's Gov. Code § 12940(h))

(by Plaintiff against CVS and Does 1 -10)

80. Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also incorporates said paragraphs as though set forth in full in this Cause of Action.

81. As stated above herein this complaint, Plaintiff engaged in protected activities.

82. As stated above herein this complaint, Defendant CVS and Does 1-10, and their agents inclusive, subjected Plaintiff to adverse employment actions, including but not limited to public humiliation, denial of reasonable accommodations, and termination, among other things.

83. Plaintiff's engagement in protected activities (i.e., her report about sex harassment, rejecting the sexual advances of her supervisors, and other actions as described herein this complaint,

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 666-6618

- 9 -

COMPLAINT

EXHIBIT A, PAGE 58

1  among other things) was a substantial motivating factor for the adverse conduct of CVS, its

2  agents, its employees, and Does 1-10.

3  84. Plaintiff was harmed.

4  85. Defendants' decision to subject Plaintiff to adverse employment action(s), including but not

5  limited to ratifying and allowing the continued adverse treatment of Plaintiff, among other

6  things stated herein, and which will also be uncovered in discovery, was a substantial factor

   in causing Plaintiff's harm.

7  ## FOURTH CAUSE OF ACTION

8  ## Failure to Prevent Harassment, Discrimination, or Retaliation

9  ## (Gov. Code, § 12940(j)) (CACI 2522B)

10  ### (by Plaintiff against CVS and Does 1-10)

11  86. Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also

    incorporates said paragraphs as though set forth in full in this Cause of Action.

12  87. CVS failed to take all reasonable steps to prevent the harassment, discrimination, and/or

13  retaliation to which Plaintiff was subjected at work as herein stated.

14  88. Plaintiff was harmed.

15  89. The failure of CVS to take all reasonable steps to prevent the harassment, discrimination,

16  and/or retaliation to which Plaintiff was subjected was a substantial factor in causing

17  Plaintiff's harm.

18  ## FIFTH CAUSE OF ACTION

    ## Disparate Treatment (Sex Discrimination)

19  ## (Gov. Code § 12940(a) et. seq.) (CACI 2500)

20  ### (by Plaintiff against CVS and Does 1-10)

21  90. Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also

22  incorporates said paragraphs as though set forth in full in this Cause of Action.

23  91. Defendant CVS was an employer.

    92. Plaintiff was an employee of CVS.

24  93. While Plaintiff was employed by CVS, Plaintiff's supervisor, Enterik, communicated that

25  benefits of Nehme's employment would be withdrawn because Plaintiff did not engage in

26  sexual and/or dating activities with him.

27  94. After declining to engage in sexual activities with Enterik, Enterik wrongfully accused

28  Plaintiff of making a racist remark, subjected Plaintiff to undue scrutiny and made false

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 10 -

COMPLAINT

allegations about the reasons for Plaintiff's intermittent leave, glared, stalked, and threatened Plaintiff, among other things, both during the time when he was her direct supervisor, and later.

95. Despite repeated communications by Plaintiff to a supervisor, and others in positions of authority at CVS, wherein Nehme communicated that she was being subjected to sex harassment and retaliation by the store manager, the creation by CVS of an environment in which sex harassment was allowed and was one in which those who complained were subjected to adverse employment action, the employees to which Nehme complained were hesitant to take appropriate action.

96. Plaintiff's sex (female) was a motivating reason for the adverse employment actions described in this complaint.

97. Plaintiff's supervisor, who directly engaged in the harassment, discrimination, and retaliation, was allowed to continue his employment while Plaintiff was terminated.

98. Plaintiff was harmed.

99. The adverse employment action[s] described in this Complaint, was/were a substantial factor]s] in causing Plaintiff's harm.

100.    The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer or managing agent of CVS, or alternatively, authorized, ratified or approved by an officer or managing agent of CVS.

### SIXTH CAUSE OF ACTION

#### Disability Discrimination

#### Gov't Code §12940 (a)(m) and (n)) Disability Discrimination)

(by Plaintiff against CVS and Does 1-10)

101.    Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also incorporates said paragraphs as though set forth in full in this Cause of Action.

102.    The Fair Employment and Housing Act ("FEHA") codified in Gov't Code §§12900 et seq. makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability.  Gov't Code § 12940(a) forbids an employer from discriminating against an employee because of a physical disability, or because they are perceived to be disabled.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 11 -

COMPLAINT

103.    As disjunctively defined by FEHA, a person is "physically disabled" if, among other things, the individual: (1) Has a physiological condition that both (a) affects a specific body system and (b) limits a major life activity[4]; (2) Has a "record or history" of such a physiological condition; or, (3) Is "regarded or treated" by the individual's employer as having or having had, a physiological condition that is not presently disabling, but that may become so.  (Gov't Code § 12926, subd. (k)(1)(A), (B), (3), (4), (5); Gelfo v. Lockheed Martin Corporation, (2006) 140 Cal.App.4th 34.)

104.    Nehme suffered from a physical disability/pregnancy as defined by the FEHA.

105.    With knowledge of Nehme's physical disability/pregnancy, CVS discriminated against her by refusing to provide her with the reasonable accommodation of time off of work so that she could recover from her serious medical condition, by other adverse conduct according to proof, and by terminating her employment.

106.    Plaintiff is informed and believes and thereon alleges that the aforepled conduct was motivated by her disability or perceived disability.

107.    The aforepled conduct of CVS, and Does 1 – 10, and each of them, constitutes discrimination based on Plaintiff's physical disability or perceived physical disability.

108.    As a proximate result of the said discrimination, Plaintiff has suffered mental anguish and emotional suffering all to her damage and in an amount according to proof at the time of trial.

109.    As a further proximate result of said discrimination as aforepled, Plaintiff has suffered a loss of tangible employment benefits including lost wages and benefits and continues to sustain additional losses in earnings and other employment benefits in an amount according to proof at the time of trial.

110.    As a further proximate result of the aforepled discrimination, Plaintiff was required to and did retain an attorney, and is accordingly entitled to an award of attorney's fees and costs of this lawsuit according to proof at the time of trial.

111.    As a further proximate result of said discrimination, Plaintiff has incurred and will continue to incur medical expenses in an amount according to proof at the time of trial.

---

[4] A physiological condition "limits" a major life activity if it makes difficult the achievement of the major life activity.  (Gov't Code § 12926, subd. (k)(ii).) The term "major life activity" is broadly construed, and includes physical and social activities and working.  (Gov't Code § 12926, subd. (k)(iii).)

COMPLAINT

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA  91367
(818) 606-6618

112.    The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer or managing agent of CVS,  or alternatively, authorized, ratified or approved by an officer or managing agent of CVS.

### SEVENTH CAUSE OF ACTION

### Harassment on the Basis of Disability in Violation of the FEHA

(by Plaintiff against MATTHEW ENTERIK, CVS, and Does 1-10)

113.    Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also incorporates said paragraphs as though set forth in full in this Cause of Action.

114.    California's Fair Employment and Housing Act ("FEHA") prohibits discrimination on the basis of "physical disability, mental disability, and medical condition."  Cal. Gov. Code Section 12940(a).

115.    The FEHA has the same ban on harassment based on harassment based on "physical disability, mental disability, [or] medical condition" as it does on to any other of the protected characteristics. Government Code §12940(j)(1). The rules for harassment claims based on physical or mental disability or medical condition are the same as the rules for harassment based on other protected characteristics.[5]

116.    Plaintiff was an employee of CVS and Does 1 – 10, inclusive, at all times relevant.

117.    Defendants Enterik, CVS, and Does 1 – 10, harassed Plaintiff on the basis of her disability (pregnancy).

118.    The harassing conduct to which Nehme was subjected by Defendants was severe or pervasive.

119.    A reasonable woman in Nehme's circumstances would have considered the work environment to be hostile or abusive.

120.    Nehme considered the work environment to be hostile and/or abusive.

121.    Defendant, Enterik, a store manager and person in a position of authority over Plaintiff, engaged in the harassment of Plaintiff.

122.    Nehme was harmed.

---

[5] *Muller v. Automobile Club of Southern* California (1998) 61 Cal.App.4th 431, 446 ("Since Muller's theory is that she was subjected to a hostile work environment created by repeated harassing statements by management personnel, we look to cases addressing the requirements for a hostile work environment claim of sexual harassment for guidance.").

- 13 -

COMPLAINT

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA  91367
(818) 606-6618

123.   Defendants' conduct was a substantial factor in causing Nehme's harm.

## EIGHTH CAUSE OF ACTION

### Failure to Engage in the Interactive Process in Violation of the FEHA

### (Gov't Code § 12940(n))

(by Plaintiff against CVS and Does 1-10)

124.   Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also incorporates said paragraphs as though set forth in full in this Cause of Action.

125.   The FEHA provides for an independent cause of action for failure to engage in a good faith interactive process to determine an effective accommodation.  Gov't Code § 12940, subd. (n); Claudio v. Regents of University of California (2005) 134 Cal.App.224, 243).

126.   The interactive process is a means to guard against capable employees losing their jobs. "It is clearly a mechanism to allow for early intervention by the employer outside of the legal forum, for exploring reasonable accommodations for employees who are perceived to be disabled." (Jacques v. Dimarzio, (2002) 200 F.Supp.2d 151,170).

127.   Nehme was physically disabled within the meaning of the FEHA, all as aforepled, due to her being pregnant and having other serious medical conditions.  Alternatively, the Employer, CVS, and/or Does 1 – 10, perceived Nehme as being disabled.

128.   Government Code Section 12940(n) requires an employer to engage in a good faith interactive process with a disabled employee to ascertain reasonable accommodations.  The employer's failure to do so is a separate violation of the FEHA.

129.   CVS, and Does 1 – 10, violated Government Code Section 12940(n) by failing to engage in said good faith interactive process with Nehme after Nehme reported that she was suffering from serious medical conditions, including ones that followed her pregnancy, and needed the reasonable accommodation of medical leave.  Instead of engaging in a good faith interactive process, several days after informing Nehme that her medical leave had been approved, CVS, and Does 1 – 10, decided to terminate Nehme.

130.   As a proximate result of the said violation of the FEHA, Nehme has suffered mental anguish and emotional suffering all to her damage and in an amount according to proof at the time of trial.

131.   As a further proximate result of said violation of the FEHA as aforepled, Nehme has suffered a loss of tangible employment benefits including lost wages and other benefits in an amount according to proof at the time of trial.

COMPLAINT

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

EXHIBIT A, PAGE 63

132.   As a result of the said violation of the FEHA, Nehme was required to and did retain an attorney, and is accordingly entitled to an award of attorney's fees and costs of this lawsuit according to proof at the time of trial.

133.   The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer or managing agent of Shadow Hills Convalescent Hospital, and Does 1 – 10, and/or alternatively, was authorized, ratified or approved by an officer or managing agent of CVS, and/or Does 1 – 10.

## NINTH CAUSE OF ACTION

**Failure to Provide Reasonable Accommodations in Violation of the FEHA**

(Gov't Code § 12940(m))

(By Plaintiff Against Shadow Hills Convalescent Hospital and Does 1 – 10)

134.   Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also incorporates said paragraphs as though set forth in full in this Cause of Action.

135.   The FEHA provides an independent cause of action for an employer's failure to provide reasonable accommodation for an applicant or employee's known disability.  (*Gov't Code* § 12940, subd. (a), (m).)  "Under the express provisions of the FEHA, the employer's failure to reasonably accommodate a disabled individual is a violation of the statute in and of itself." (*Jensen v. Wells Fargo*, (2000) 85 Cal.App.4th 245, 256; *Bagatti v. Department of Rehabilitation* (2002) 97 Cal.App.4th 344, 357).

136.   Nehme was at all relevant times physically disabled or perceived as physically disabled as defined by the law of the State of California, all as aforepled.

137.   *Government Code* Section 12940(m) requires an employer to provide reasonable accommodations to employees with known physical disabilities.[6]

138.   CVS, and Does 1 – 10, violated the FEHA by terminating Plaintiff instead of providing reasonable accommodations.

139.   As a proximate result of said violation of FEHA as aforepled, Nehme has suffered a loss of tangible employment benefits including lost wages and benefits, in an amount according to proof at time of trial.

---

[6] Contrary to the "you didn't ask" defense, case law places the burden on an employer who is aware of a possible disability to affirmatively seek out possible accommodations.  See: *Prilliman v. United Air Lines, Inc.* (1999) 53 Cal.App.4th 935, 950-951.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 15 -

COMPLAINT

140.    As a further proximate result of said conduct, Nehme has suffered mental anguish and emotional suffering all to her damage and in an amount according to proof at the time of trial.

141.    As a result of the said violation of the FEHA, Nehme was required to and did retain an attorney, and is accordingly entitled to an award of attorney's fees and costs of this lawsuit according to proof at the time of trial.

142.    The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer or managing agent of CVS, and Does 1 – 10, and/or alternatively, was authorized, ratified or approved by an officer or managing agent of CVS, and/or Does 1 – 10.

## TENTH CAUSE OF ACTION

### Wrongful Termination in Violation of Public Policy

(By Plaintiff Against CVSand Does 1 – 10)

143.    Plaintiff repeats and re-alleges all paragraphs of the preceding allegations herein and also incorporates said paragraphs as though set forth in full in this Cause of Action.

144.    The FEHA makes public and private employers directly liable for violations of that law. *Gov't Code* § 12926. *Gantt* instructs that a common law claim for wrongful termination must be tethered to fundamental policies that are delineated in wither constitutional or statutory provisions. *Gantt v. Sentry Insurance* (1992) 1 Cal.4th 1083, 1095.  This cause of action is tethered to the FEHA and to other laws and statutes that protect workers on from adverse employment actions based on their protected status and/or their engagement in protected activities.

145.    An employment relationship existed between CVS and Does 1 – 10.

146.    CVS, and Does 1 – 10, terminated Cortez's employment.

147.    Plaintiff's protected status and/or her act of engaging in a protected activity by: (1) refusing to engage in sexual conduct with Enterik; (2) informing CVS that her manager had wrongfully accused her of making a racist comment; (3) disclosing that she was pregnant; (4) of notifying her employer that she needed additional time off of work to recover from her pregnancy & disability and intended to seek baby bonding leave; among other things.

148.    Nehme suffered harm.

149.    The conduct of Defendants constituted a substantial factor(s) in causing Nehme's harm.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 16 -

COMPLAINT

150.    As a proximate result of the said violation of the FEHA, Nehme has suffered mental anguish and emotional suffering all to her damage and in an amount according to proof at the time of trial.

151.    As a further proximate result of said violation of the FEHA as aforepled, Nehme has suffered a loss of tangible employment benefits including lost wages and benefits in an amount according to proof at the time of trial.

152.    As a result of the said violation of the FEHA, Nehme was required to and did retain an attorney, and is accordingly entitled to an award of attorney's fees and costs of this lawsuit according to proof at the time of trial.

153.    The aforepled conduct constitutes malice, oppression, or fraud, thereby entitling Plaintiff to an award of punitive damages.  Plaintiff is informed and believes and thereon alleges that such conduct was taken by an officer or managing agent of CVS, and Does 1 – 10, and/or alternatively, was authorized, ratified or approved by an officer or managing agent of CVS, and/or Does 1 – 10.


        WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, according to proof as follows:

        1.      For general damages;

        2.      For special damages;

        3.      Interest on compensatory damages at the legal rate from the date of injury;

        4.      For other compensatory damages for emotional distress and other economic and non-economic losses;

        5.      Punitive and exemplary damages as provided by law;

        6.      Attorney fees;

        7.      Costs and expense of suit incurred herein;

        8.      Premium pay;

        9.      Penalties, including but not limited to waiting time penalties; and

        10.     For other just and proper relief including but not limited to that which is requested in this Complaint.

Law Offices of Ann A. Hull, Inc.
21900 Burbank Blvd., 3rd Floor
Woodland Hills, CA 91367
(818) 606-6618

- 17 -
COMPLAINT

Dated:  September 22, 2020

LAW OFFICES OF ANN A. HULL, INC.

By:_____
Ann A. Hull
Jeffrey M. Schwartz
Rachel E. Savoian Hunt
Attorneys for Plaintiff,
LINDA NEHEME

EXHIBIT A, PAGE 67

EXHIBIT "1"



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 23, 2019

Ann Hull
LAW OFFICES OF ANN A. HULL, INC. 21900 Burbank Blvd., Third Floor
Woodland Hills, California 91367

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 201909-07664424
       Right to Sue: Nehme / CVS Pharmacy Inc. et al.

Dear Ann Hull:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                      GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 23, 2019

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 201909-07664424
      Right to Sue: Nehme / CVS Pharmacy Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                               GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                          KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 23, 2019

Linda Nehme
16201 Halsey Street
Grenada Hills, California 91334

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 201909-07664424
      Right to Sue: Nehme / CVS Pharmacy Inc. et al.

Dear Linda Nehme,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
September 23, 2019 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A, PAGE 71

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Linda Nehme                                          DFEH No. 201909-07664424

Complainant,

vs.

CVS Pharmacy Inc.
1 CVS Drive
Woonsocket, Rhode Island 91344

Garfield Beach CVS
,

Longs Drug Stores California
,

Matthew Entrekin
,

CVS
,

Respondents
_____

1. Respondent **CVS Pharmacy Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Linda Nehme**, resides in the City of **Grenada Hills** State of **California.**

3. Complainant alleges that on or about **September 12, 2019**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's national origin (includes language restrictions), sex/gender, disability (physical or mental), other, pregnancy, childbirth, breast feeding, and/or related medical conditions, sexual harassment-

-1-
*Complaint – DFEH No. 201909-07664424*

Date Filed: September 23, 2019

hostile environment, sexual harassment- quid pro quo, baby bonding leave (employers of 20 - 49 people), association with a member of a protected class.

**Complainant was discriminated against** because of complainant's national origin (includes language restrictions), sex/gender, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), other, pregnancy, childbirth, breast feeding, and/or related medical conditions, sexual harassment-hostile environment, sexual harassment- quid pro quo, baby bonding leave (employers of 20 - 49 people), association with a member of a protected class and as a result of the discrimination was terminated, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied accommodation for pregnancy, other, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a pregnancy-disability related accom., requested or used a disability-related accommodation, requested or used baby bonding leave (employers of 20-49 people), participated as a witness in a discrimination or harassment complaint, requested or used leave under the california family rights act or fmla (employers of 50 or more people) and as a result was terminated, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied accommodation for pregnancy, denied employer paid health care while on pregnancy disability leave, other, denied baby bonding leave (employers of 20-49 people).

**Additional Complaint Details:** In or about January 2013, I injured my neck, shoulder, and back at work.  While I was at CVS, myself and other female employees were subjected to repeated sexual harassment, unwelcome requests for dates, and unwelcome commentary about women's bodies and women, particularly by Matthew Entrekin, a manager, but also by his associates. Matthew Entrekin would bully female employees who rejected his advances, issue orders that violated company policy (so he could later fire or threaten to fire them for violating the same policy he ordered them to violate), cut workers' hours, and take other action that negatively affected female workers' careers at CVS.  Even when Matthew Entrekin worked at an entirely different store than I, he had the ability to, and did, adversely affect my work conditions. This included making false accusations of wrong-doing. In 2018 and 2019, a number of female employees complained about Matthew Entrekin's sex harassment and discrimination, and I was a witness. By September the hostile work environment had become so severe that I was advised to take time off work, which I did on or about October 4, 2018.  I provided notes to CVS from my doctor.  Later in 2018, I became pregnant and was informed that I had a high risk pregnancy and was told to remain off of work by my doctor, which I did.  CVS was

-2-
*Complaint – DFEH No. 201909-07664424*

Date Filed: September 23, 2019

1 | informed about my medical condition and I was granted leave until October 3, 2019.
2 | In the summer and fall of 2019, I was named as a witness in a sex harassment lawsuit, filed against Matthew Entrekin and CVS.  Knowing this, even though I was
3 | approved to be off until October 3, 2019, CVS terminated my employment on September 12, 2019.  Although I complained about Matthew Entrekin, I am unaware
4 | of any actions being taken in response to the complaints of myself or others.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-3-

*Complaint – DFEH No. 201909-07664424*

28

Date Filed: September 23, 2019

VERIFICATION

I, **Ann A. Hull**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On September 23, 2019, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Woodland Hills. CA**

-4-
*Complaint – DFEH No. 201909-07664424*

Date Filed: September 23, 2019

# EXHIBIT "2"



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency                                           GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                 KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

September 22, 2020

Ann Hull
LAW OFFICES OF ANN A. HULL, INC.
21900 Burbank Blvd., Third Floor
Woodland Hills, California 91367

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202009-11331723
      Right to Sue: Nehme / CVS HEALTH SOLUTIONS, INC. et al.

Dear Ann Hull:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency _____ GAVIN NEWSOM, GOVERNOR

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 22, 2020

RE: **Notice of Filing of Discrimination Complaint**
       DFEH Matter Number: 202009-11331723
       Right to Sue: Nehme / CVS HEALTH SOLUTIONS, INC. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

## DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

September 22, 2020

Linda Nehme
c/o Ann Hull, Esq.,  21900 Burbank Blvd., 3rd Floor
Woodland Hills, California 91367

RE:   **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202009-11331723
Right to Sue: Nehme / CVS HEALTH SOLUTIONS, INC. et al.

Dear Linda Nehme:

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective September 22, 2020 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

EXHIBIT A, PAGE 79

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Linda Nehme                                                    DFEH No. 202009-11331723

                                   Complainant,

vs.

CVS HEALTH SOLUTIONS, INC.
,

Matthew Enterik
,

GARFIELD BEACH CVS, LLC
, California 91316

                                   Respondents

---

1. Respondent **CVS HEALTH SOLUTIONS, INC.** is an **employer CVS HEALTH SOLUTIONS, INC.** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant is naming **Matthew Enterik** as individual Co-Respondent(s).

Complainant is naming **GARFIELD BEACH CVS, LLC** as individual Co-Respondent(s).

3. Complainant **Linda Nehme**, resides in the City of **Woodland Hills,** State of **California.**

4. Complainant alleges that on or about **September 30, 2019,** respondent took the following adverse actions:

**Complainant was harassed** because of complainant's sex/gender, sexual orientation, family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), pregnancy, childbirth, breast feeding, and/or related medical conditions, sexual harassment- hostile environment, sexual harassment- quid pro quo, baby bonding leave (employers of 20 - 49 people).

**Complainant was discriminated against** because of complainant's sex/gender, gender identity or expression, disability (physical or mental), medical condition (cancer or genetic characteristic), other, pregnancy, childbirth, breast feeding, and/or related medical

-1-
*Complaint – DFEH No. 202009-11331723*

Date Filed: September 22, 2020

1   conditions, sexual harassment- hostile environment, sexual harassment- quid pro quo, baby bonding leave (employers of 20 - 49 people) and as a result of the discrimination was
2   terminated, reprimanded, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50
3   or more people), denied accommodation for pregnancy, denied employer paid health care while on pregnancy disability leave, denied work opportunities or assignments, denied baby
4   bonding leave (employers of 20-49 people).

5   **Complainant experienced retaliation** because complainant reported or resisted any form
6   of discrimination or harassment, requested or used a pregnancy-disability related accom., requested or used a disability-related accommodation, requested or used baby bonding
7   leave (employers of 20-49 people), participated as a witness in a discrimination or harassment complaint, requested or used leave under the california family rights act or fmla
8   (employers of 50 or more people) and as a result was terminated, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied
9   reasonable accommodation for a disability, denied accommodation for pregnancy, denied employer paid health care while on pregnancy disability leave, other, denied work
10  opportunities or assignments, denied baby bonding leave (employers of 20-49 people).

11
12  **Additional Complaint Details:** THE PARTIES
    1.      Defendant, GARFIELD BEACH CVS, LLC is a California Corporation and Defendant,
13  CVS HEALTH SOLUTIONS, INC. is a Delaware Corporation.   Plaintiff is informed and believes that CVS HEALTH SOLUTIONS, INC. is in a position of authority over GARFIELD
14  BEACH CVS, LLC. including but not limited to making decisions and policies related to hiring and firing of employees.  Both companies are referred to herein as ("CVS") .  Their
15  agent for service of process is:  CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA.  90017.
16  2.      Defendant, GARFIELD BEACH CVS, LLC is a business.   Its agent for service of process is:  CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, CA.
17  90017.
    3.      Defendant, MATTHEW ENTERIK ("Enterik"), at all times relevant was a managing
18  agent of CVS and a supervisor of Plaintiff.
    4.      Plaintiff, LINDA NEHME("Nehme") is a former employee of CVS.
19  FACTS COMMON TO ALL CAUSES OF ACTION
    5.      Plaintiff's Protected Status.
20  a.      Nehme is female.
    b.      Nehme at all times relevant was a person with a disability as defined by the FEHA.
21  6.      Plaintiff's Protected Activities.
    a.      Plaintiff rejected sexual advances by Mathew Entrikin and Shahwali, two managers.
22  b.      Plaintiff complained to her supervisor that she was being subjected to sexual harassment.
23  c.      Plaintiff reported that she was pregnant.
    d.      Plaintiff requested FMLA leave.
24  7.      Adverse Employment Actions.
    a.      Defendant CVS fired Plaintiff.
25  b.      Defendant CVS refused to engage in the interactive process.

26

27                                                          -2-
28  Date Filed: September 22, 2020

c.      Defendant CVS refused to provide reasonable accommodations.

BACKGROUND

8.      Plaintiff began working for CVS in or around 2008 in the Tarzana CVS.

9.      In around 2015, Plaintiff was injured when commercial steel shelving with wood and products stacked on top, which were not properly bolted to the ground, fell on her, causing injury to her head, back, and neck.  This occurred at store 9670 in Tarzana.

10.    As a result of her injury, Plaintiff filed a worker's compensation claim.

11.    The store manager Grace Gilroy ("Gilroy") at the time.  Plaintiff is informed and believes that, as a result of the negligent manner in which the shelving was constructed and the products were stored, Gilroy was reprimanded.   After returning to work after her injury, Gilroy treated Plaintiff less favorably, causing Plaintiff to feel unwelcome.

12.    One day, after doing inventory, Plaintiff observed that Gilroy, Shahwali [Complete Name Unknown], Shad [Complete Name Unknown; District Manager at the time], and Matt Entrekin ("Entrekin") were present at the store.

13.    Shahwali approached Plaintiff and asked if Plaintiff was interested in transferring to the Sherman Oaks CVS store, which he managed.

14.    Shahwali told Nehme,  "I can train you and eventually make you a store manager."

15.    Plaintiff replied that she would need to think about it.

16.    As she saw Shad, the District Manager, walking out of the store, Plaintiff approached him and asked to speak.  After Shad agreed to give Plaintiff a raise to $19.00, Plaintiff agreed to transfer to a store that was managed by Shahwali.  Plaintiff is informed and believes that Shahwali managed two stores at that time.

17.    After agreeing to transfer, Shahwali assigned Plaintiff to work with him at the North Hollywood CVS store.

18.    Plaintiff felt uncomfortable after Shahwali began ordering her to come into work late at night when the store was closed to the public and when she and he were the only people in the store.

19.    On repeated occasions, while they were alone in the store, Schwally would put his hands on Plaintiff's shoulders and ask for hugs in a manner that made Plaintiff uncomfortable.   This continued after Plaintiff communicated to Shahwali that she did not want him to touch her and after she told him: "I need you to stop.  I am not okay with you doing this."

20.    Plaintiff observed Shahwali repeatedly leer at her breasts.

21.    While Plaintiff was putting shelving away Shahwali grabbed Plaintiff's breast.

22.    Plaintiff pushed Shahwali away and told him, "Hey what are you doing!  I am not okay with this!  I am engaged and you are married!"

23.    As the uncomfortable conduct continued, Plaintiff complained to Seidi Santillana ("Santillana"), a Supervisor.

24.    Plaintiff explained that Shahwali had inappropriately touched and harassed her and that he would not stop, even though she asked him not to touch her.

25.    Santillana replied, "Oh my God, he does the same thing to me!"

26.    Santillana initially communicated that she was afraid that she would lose her job if she complained.

27.    After Shahwali's unwelcome sexual conduct continued, however both Plaintiff and Santillana decided to both speak to Santillana, in private, to communicate about how his conduct was making them feel uncomfortable and to ask him to please stop.

-3-

Complaint – DFEH No. 202009-11331723

Date Filed: September 22, 2020

28.     When Plaintiff and Seidi approach Shahwali and told him how uncomfortable his conduct was making them feel, and asked him to stop, Shahwali responded by saying, "I don't know what you guys are talking about."

29.     Plaintiff is informed and believes that one or more employees complained about Shahwali and that one or more lawsuits may have been filed due to his conduct.

30.     While working in the Sherman Oaks CVS Store, under Shahwali, Matt Entrekin ("Entrekin") communicated that there was a Beauty Consultant position available at the store he managed in Encino.  Plaintiff saw this as an opportunity to escape an uncomfortable work situation and to earn more money because the Encino location was more desirable.

31.     After moving to the Encino store, Entrekin called Plaintiff into his office and asked her uncomfortable, private questions when no one else was nearby.

32.     Entrekin constantly used profanity and vulgar language.  This included calling people "Asshole" and using all variations of the work "Fuck."  While she is not normally uncomfortable hearing profanity, the extent to which Entrekin made her uncomfortable and embarrassed.

33.     Plaintiff was uncomfortable when Entrekin publicly commented on the physical appearance of female customers and when he commented about whether or not he would have sex with them.

34.     After attending an AIDS charity event in Hollywood, Plaintiff, another employee and Plaintiff went to eat sushi.  On this same evening, Entrekin asked Plaintiff to go on a date.

35.     After declining to date Entrekin, Entrekin frequently glared at Plaintiff and humiliated her by speaking disrespectfully about her, both in and out of her presence.

36.     Entrekin demanded information about her dating activities.

37.     Entrekin communicated that, if it wasn't for Plaintiff's sexy appearance she would be unable to sell anything and not have a job.

38.     On Friday, December 30, 2016, after continuing to turn down Entrekin's advances, Entrekin encouraged co-workers to write statements that Entrekin had made monkey sounds to harass an African-American co-worker.

39.     Regardless of her intent to distance herself from Entrekin, Entrekin would glare and stare at Plaintiff and communicate by his facial expressions and eyes, that if she complained, he would not hesitate to fire her.

40.     After firmly communicating to Entrekin that Plaintiff was in a committed relationship, that she did not intend to have a relationship with Entrelin, and that she and her fiancé planned to have children, Entrekin humiliated Plaintiff with inappropriate comments to third parties about how what Plaintiff was Plaintiff's pregnancy.

41.     When Plaintiff sought FMLA leave, due to the serious medical condition of a family member, Entrekin communicated that doing so would cost Plaintiff her job and began documenting her absences,  Entrekin told her that he needed to understand how Plaintiff was "using her absences."

42.     Fearful of being fired, Plaintiff sought and obtained intermittent FMLA.

43.     After hearing that Gilroy was no longer manager, Plaintiff applied for an open Beauty Consultant position at her former store in Tarzana.

44.     Valerie [last name unknown], a regular customer of the CVS store at which Plaintiff had worked for Entrekin, upon seeing Plaintiff working at another store, approached Plaintiff and warned Plaintiff about a conversation that had taken place between herself and Entrekin.  Valerie explained that, after noticing that Plaintiff had not been in the store,

-4-
Complaint – DFEH No. 202009-11331723

Date Filed: September 22, 2020

Valerie asked Entrekin about Plaintiff.  Valerie explained that Entrekin replied that Nehme "said" she was out on a leave, but that Nehme "was really just trying to get pregnant."

45.	Even after moving to the Tarzana CVS store, Entrekin continued to intimidate, threaten, stalk, frighten, and harass Nehme.  The stalking behavior increased after Plaintiff revealed that she was pregnant.

46.	In or about January of 2019, Plaintiff was in the CVS office with, Troy, the store manager, when she received a call from Matt Entrekin.  Upon seeing that the incoming phone call was from Entrekin, Plaintiff took the call on speaker-phone.

47.	Upon answering the call Entrekin, in a threatening tone of voice said:  "Hey!  Did you hear about Shahwali!  He got fired!  Did you have anything to do with it?"

48.	Plaintiff responded:  "Why are you calling me on my personal number about this?"

49.	Entrekin later went out of his way to embarrass Plaintiff by communicating that Plaintiff was a snitch and had caused a manager to lose his job and that he had plans and that Plaintiff was next to lose her job.

50.	Plaintiff delivered her baby on June 6, 2019.

51.	Due to her pregnancy-related medical disability, sought an extended leave and baby-bonding time.

52.	Plaintiff received a letter, dated August 15 2019, stating that the "Reasonable Accommodations Team will be reaching out to you shortly" and that "your employment may be terminated."  Plaintiff responded to the communication and was assured that her leave would be extended.

53.	On August 19, 2019, Plaintiff received a letter confirming that "your leave of absence from October 4, 2018, to October 3, 1919 has been approved."

54.	On September 12, 2019, CVS terminated Plaintiff's employment.  Plaintiff notification of the termination in late September.

-5-

Date Filed: September 22, 2020

1 VERIFICATION

2 I, **Ann A. Hull**, am the **Attorney** in the above-entitled complaint.  I have read the
foregoing complaint and know the contents thereof.  The matters alleged are based
3 on information and belief, which I believe to be true.

4
On September 22, 2020, I declare under penalty of perjury under the laws of the State
5 of California that the foregoing is true and correct.

6 **Woodland Hills CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27 -6-
*Complaint – DFEH No. 202009-11331723*

28
Date Filed: September 22, 2020



## Superior Court of California, County of Los Angeles

---

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR information Package on any new parties named to the action with the cross-complaint.

---

**What is ADR?**

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration and settlement conferences. When ADR is done by phone or computer, it may be called Online Dispute Resolution (ODR). These "alternatives" to litigation and trial are described below.

**Advantages of ADR**
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees and witness fees.
- **Keeps Control** with the parties: Parties choose their ADR process and provider for voluntary ADR.
- **Reduces stress/protects privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

**Disadvantages of ADR**
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR and litigation and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

**Main Types of ADR:**

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral "mediator" listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

LASC1

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

---

**How to arrange mediation in Los Angeles County**

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

    **a.  The Civil Mediation Vendor Resource List**

        Parties may contact these organizations to request a "Resource List Mediation" for reduced-cost or free (for selected cases) mediation in person or with ODR (by phone or online).

- JAMS, Inc.: **Case Manager.(213) 253-9776  mdawson@jamsadr.com**
- Mediation Center of Los Angeles: **Case Manager: (833) 476-9145  info@mediationLA.org**

    **These organizations cannot accept every case and they may decline cases at their discretion.**

        Visit www.lacourt.org/ADR.Res.List for important information and FAQs <u>before</u> contacting them.

        NOTE:  This service is <u>not available for family law, probate or small claims.</u>

    **b.  Los Angeles County Dispute Resolution Programs**

        https://wdacs.lacounty.gov/programs/drp/

- Free, day- of- trial mediations at the courthouse for small claims, unlawful detainers (evictions) and, at the Stanley Mosk Courthouse, limited civil. No appointment needed.
- Free or low-cost mediations <u>before</u> the day of trial for these and other case types.
- For ODR by phone or computer for small claims or unlawful detainer (eviction) cases <u>before</u> the day of trial, visit http://www.lacourt.org/division/smallclaims/pdf/OnlineDisputeResolutionFlyer-EngSpan.pdf

    **c.  Mediators and ADR and Bar organizations** that provide mediation may be found on the internet.

---

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit **http://www.courts.ca.gov/programs-adr.htm**

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit: **www.lacourt.org/division/civil/settlement**

**Los Angeles Superior Court ADR website: www.lacourt.org/division/civil/settlement**
**For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm**

LASC2

LASC CIV 271 NEW 03/19
For Mandatory Use
California Rules of Court, rule 3.221

EXHIBIT A, PAGE 87