UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-02652-SB-JDEx | Date: | June 14, 2021 |
|---|---|---|---|

| Title: | *Linda Nehme v. Garfield Beach CVS LLC, et al.* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** ORDER DENYING MOTION TO REMAND (Dkt. No. 34-1) AND GRANTING MOTION TO COMPEL ARBITRATION (Dkt. No. 12)

    Defendants in this wrongful termination case removed Plaintiff's suit from state court. Two of those Defendants, CVS Health Solutions, LLC and Garfield Beach CVS, LLC (collectively, CVS Defendants), now seek to compel Plaintiff's claims into arbitration. Dkt. No. 12 (Arbitration Motion). Plaintiff filed an opposition to the Arbitration Motion, but in doing so focused primarily on arguing that this case should be remanded. Her sole argument against arbitration relies on a recently passed California law that does not apply to this case. Plaintiff's subsequently filed motion to remand challenges whether the Court has subject matter jurisdiction.[1] Dkt. No. 34-1 (Remand Motion). The Court finds diversity jurisdiction is proper here. Consequently, the Court denies the Remand Motion, grants the Arbitration Motion, and stays this case.

---

[1] Plaintiff filed a motion to remand this case which was struck without prejudice due to deficiencies in the motion. Dkt. No. 30. She refiled it on May 17, 2021.

# BACKGROUND

Plaintiff was employed by CVS beginning in 2008. Dkt. No. 1-1 (First Amended Complaint) (FAC) ¶ 15. For roughly seven years, she worked at a CVS store in Tarzana, California. FAC ¶ 16. She would later go on to work at other CVS stores, including ones in North Hollywood, Sherman Oaks, and Encino, before returning to the Tarzana location. FAC ¶¶ 25, 38-39, 53. Plaintiff claims that, while employed by CVS, she was repeatedly subjected to harassing behavior from CVS managers and other employees. FAC ¶¶ 26-57. On September 12, 2019, CVS terminated Plaintiff's employment. FAC ¶ 62. More than a year later, Plaintiff brought suit in state court.

In October 2014, CVS implemented an optional Arbitration of Workplace Legal Disputes Policy (the Policy) which was introduced "to all non-union employees, including pharmacy employees, through a training module entitled 'Arbitration of Workplace Legal Disputes'" (the Training). Dkt. No. 16 (Williams Decl.) ¶ 7. Plaintiff completed the Training on November 14, 2014. *Id.* ¶ 9. In so doing, she acknowledged by electronic signature that "[she] carefully read the [Policy]," including the specific manner in which she could opt out of the arbitration agreement, "underst[ood] that [the Policy] applie[d] to [her]," and acknowledged "that [her] click of the 'Yes' button create[d] an electronic signature that is legally binding." Dkt. No. 16-1 (Williams Decl., Ex. 1) at 10. The evidence reflects that Plaintiff reviewed the Policy and agreed to its terms. She does not report ever opting out or attempting to opt out,[2] which is consistent with CVS's records. *See* Williams Decl. ¶ 14 (noting that Plaintiff did not opt out).

# REMAND MOTION

Before addressing the merits of the Arbitration Motion, the Court must determine whether remand is proper in this case.

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). If removal is based on diversity jurisdiction, *id.* § 1441(b), the removing defendant must prove complete diversity of citizenship among the parties and that the amount in

---

[2] Plaintiff implicitly acknowledges that she never elected to opt out, as she states that "[her] opposition shall serve as Plaintiff's notice to Defendants of her desire to 'opt out.'" Dkt. No. 23 (Opp.) at 3. That option is not now available to Plaintiff.

controversy exceeds $75,000. 28 U.S.C. § 1332. The removing party bears the burden of proof. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant"). Here, once Defendants removed this case and filed their Arbitration Motion, Plaintiff sought to have the case remanded to state court. She contends that diversity jurisdiction does not exist (1) because Defendants have failed to show complete diversity and (2) because they have failed to establish that the amount in controversy exceeds $75,000.

First, Plaintiff argues that—in her original pleading—she "alleged that Garfield Beach CVS, LLC is a California Corporation." Remand Mot. at 3. But the notice of removal (NOR) (Dkt. No. 1) establishes that all Defendants are Rhode Island citizens. *Id.* ¶¶ 3-5, 16-28; *see Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) (a removing defendant's allegations of citizenship may be based on "information and belief" and "need not contain evidentiary submissions"); *see also Coronel v. Ford Motor Co.*, 2020 WL 550690, at *2 (C.D. Cal. Feb. 4, 2020) ("absent a factual challenge, allegations that the plaintiff is a citizen" of a given state "are sufficient"). Plaintiff offers no contrary evidence; her description of the parties in her pleading does not dictate the citizenship of those parties. In the absence of any factual challenge, Defendants have satisfied their burden to establish diversity on removal.

Plaintiff next challenges Defendants' ability to demonstrate that the amount in controversy exceeds $75,000. Her only argument here is that she never made any such demand and that her attorney's fees have not yet risen to that amount. Remand Mot. at 2. But as Defendants point out, Plaintiff seeks lost wages as part of her recovery. On average, Plaintiff made $772/week. Dkt. No. 4 ¶ 3. As Plaintiff's employment ended in September 2019, she will have already accrued 93 weeks' worth of potential damages in lost wages—a total of $71,796—by the time her motion to remand this case is set to be heard. With the potential addition of attorney's fees and claimed emotional distress damages, the amount in controversy clearly exceeds $75,000.

As complete diversity is established and the amount in controversy exceeds $75,000, Plaintiff's Remand Motion is **DENIED**.

# ARBITRATION MOTION

Having determined that jurisdiction is proper and remand inappropriate, the question now is whether Plaintiff's wrongful termination claims in this suit are properly the subject of arbitration.

### A.  Legal Standard

Under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1, *et seq.*, any party bound to an arbitration agreement that falls within the scope of the FAA may bring a motion in federal district court to compel arbitration and stay the proceeding pending resolution of the arbitration.  9 U.S.C. §§ 3, 4.  The FAA requires courts to compel arbitration of issues covered by the arbitration agreement.  *Dean Witter Reynolds, Inc., v. Byrd*, 470 U.S. 213, 218 (1985).  The district court's role is limited to determining whether a valid agreement to arbitrate exists and whether the agreement encompasses the dispute at issue.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  While there is a presumption that courts will decide which issues are arbitrable, when there is clear and unmistakable evidence that the parties agreed to arbitrate threshold questions of arbitrability, that presumption is overcome.  *Rent-A-Center, West, Inc. v. Jackson*, 561 U.S. 63, 69 (2010).

### B.  Analysis

There is no question based on the record before the Court that Plaintiff agreed to be bound by the Policy, which itself is a valid arbitration agreement.  What's more, the Policy plainly covers the dispute here.  *See* Dkt. No. 16-3 (CVS Health Colleague Guide to Arbitration and Policy) ("Covered Claims are any and all legal claims, disputes or controversies . . . that an Employee may have, now or in the future, against CVS Health, its parents, subsidiaries, successors or affiliates, or one of its employees or agents, arising out of or related to the Employee's employment with CVS Health or the termination of the Employee's employment.").

Plaintiff does not argue that the Policy is either substantively or procedurally unconscionable.  Instead, she contends that it violates public policy.  Opp. at 2.  She cites a California state bill (Assembly Bill 51, later Labor Code section 432.6) that was signed into law in October 2019.  Plaintiff argues that the law "prohibits employers from using 'an agreement that requires an employee to opt out of a waiver or take any affirmative action in order to preserve their rights.'"  *Id.*  But

even if the statute had this effect (a question the Court need not decide here), Plaintiff is not covered under the plain terms of the law.  She agreed to be bound by the Policy in 2014, and the law applies only to "contracts for employment entered into, modified, or extended on or after January 1, 2020."  Cal. Lab. Code § 432.6(h).  Plaintiff's employment was terminated before this law was in effect—and before the Assembly Bill was even signed—so her argument fails.  There are other reasons section 432.6 appears not to apply to this case (e.g., the law does not invalidate arbitration agreements otherwise valid under the FAA, *see id*. at § 432.6(f)), and Plaintiff has not argued otherwise.

The Court finds Plaintiff is bound to arbitrate her claims against the CVS Defendants.  The Arbitration Motion is **GRANTED**, and this case is **STAYED** pending the outcome of arbitration.  The parties are directed to file an arbitration status report with the Court no later than **September 17, 2021**.